J. PHILLIPS, Adm'r, &c., v. A. G. LENTZ.

*Removal of Cause—Appeal.*

Where upon a motion to remove a cause, no facts are stated in the affidavit of the applicant as grounds for such removal, the ruling of the court below may be reviewed, but where the facts are set forth, their sufficiency rests in the discretion of the judge and his decision upon them is final.

(*State* v. *Duncan*, 6 Ired., 98; *Reynolds* v. *Boyd*, 1 Ired., 106; *State* v. *Lamon*, 3 Hawks, 175; *Cannon* v. *Beeman*, 3 Dev., 363; *State* v. *Seaborn*, 4 Dev., 305; *State* v. *Shepherd*, 8 Ired., 195; *State* v. *Twitty*, 2 Hawks, 248, cited, distinguished and approved.)

MOTION to remove a cause heard at Spring Term, 1880, of CABARRUS Superior Court, before *McKoy, J.*

This motion was made in a civil action pending in said court. After answer filed by defendant, he moved for the removal of the cause from the county of Cabarrus to some adjacent county, which was based upon the following affidavit: " The defendant being duly sworn, says that he cannot, as he verily believes, obtain a fair trial of this action in

this county; that any recovery which may be effected in this action will, as he is advised, pass by the will of the plaintiff's testator to two churches of the Methodist Episcopal persuasion in this county; one situated in Concord, and the other in the county, known as St. Matthews church; that the membership of said churches is large and of the persuasion known as Methodist Episcopal, is very large in this county, and ramifies into every part thereof, so that he verily believes no jury could well be impannelled in this county, which would not contain some element prejudicial in favor of said churches; that as he is informed and believes, the subject matter of this suit has been greatly canvassed amongst members of said denomination; that this membership of said denomination in this county is according to his information and belief larger than that of any other denomination; that this affidavit is not made for delay merely, but truly to procure a fair and impartial trial of this action." (Signed by the defendant, and sworn to before the clerk of the court.) The judge refused the motion and the defendant appealed.

*Mr. W. J. Montgomery*, for plaintiff.
*Mr. W. H. Bailey*, for defendant.

ASHE, J. The removal of causes, civil or criminal, from one county to another for trial, is authorized by the act of 1808—Rev. Stat., ch. 31, § 120, and Rev. Code, ch. 31, § 115. This section of the Revised Code was not brought forward in Battle's Revisal, and the legislature deemed it necessary to pass the act of 1875, ch. 19, which revived sections 115, 116, 117 and 118 of the Revised Code, except that portion of section 115 with reference to slaves. This section (115) omitting the clause referring to slaves, reads: "In all causes in the superior courts, civil or criminal, in which it shall be suggested on oath, on behalf of the state, of the traverser

16

of the indictment, or of the plaintiff or defendant, that there are probable grounds to believe that justice cannot be obtained in the county in which the causes shall be pending, the judge is hereby authorized to order a copy of the record of the cause to be removed to some adjacent county for trial; provided however, that no cause shall be removed, unless the facts are set forth whereon the party founds his belief that justice cannot be obtained in the county, so that the judge may decide upon such facts, whether the belief is well grounded."

The construction given to this section by this court, is, that the sufficiency of the affidavit for the removal lies in the discretion of the superior courts, and their discretion is one which this court cannot review.

The first act on this subject was the act of 1806, under the provisions of which a cause might be removed if it was suggested on oath that there were probable grounds that justice could not be obtained in the first county. The construction given to this act was, that a party was entitled to the removal of his cause whenever he made affidavit that there were probable grounds for such removal; the effect of which was to make him the judge in his own case and leave nothing to the discretion of the court—a mischief, to remedy which the act of 1808 was passed, which required the facts to be set forth, so that the judge might decide upon such facts, whether the belief was well grounded. In the case of *State* v. *Duncan*, 6 Ired., 98, Chief Justice RUFFIN said, the act of 1808 (Rev. Stat., ch. 31, § 120) requires the affidavit to set forth the facts whereon the deponent founds the belief that justice cannot be obtained, and expressly states the reason therefor to be "that the judge may decide upon such facts, whether the belief is well grounded." And it is held in that case that the application of a party to remove his cause, is a question addressed to the discretion of the judge of the superior court; and his

decision, as in other cases of discretion, is final and cannot be reviewed in this tribunal. *Reynolds* v. *Boyd,* 1 Ired., 106; *State* v. *Lamon,* 3 Hawks, 175; *Cannon* v. *Beeman,* 3 Dev., 363.

We are aware that there are some cases decided by our court which seem to be in conflict with these authorities, as for instance, the cases of *State* v. *Seaborn,* 4 Dev. 305; *Shepherd's case,* 8 Ired., 195, and *Twitty's,* 2 Hawks, 248, where this court has reviewed the decisions of the courts below upon the sufficiency of affidavits for removal. But in looking into those cases, it will be seen that the orders of removal were founded upon affidavits that did not come up to the requirements of the statute. As in *Twitty's case,* where the cause was removed on an affidavit on the part of the state, which stated the belief of the deponent without setting forth the facts on account of the existence of which the trial was prayed to be removed from the superior court of Burke to that of Lincoln, this court held the removal to be contrary to law, and added, " if such facts had been set forth, the judge of the superior court, and he alone, must have decided them."

The distinction seems to be—where there are no facts stated in the affidavit as grounds for the removal, the ruling of the court below may be reviewed; but where there are facts set forth, their sufficiency rests in the discretion of the judge and his decision upon them is final. There is no error. Let this be certified, &c.

No error. Affirmed.