## STATE v. SMARR.

*Indictment for Burglary—Juror, Qualification of—Suit Pending and at Issue—Special Venire—Revision of Jury—Change of Venue—Affidavit to Remove—Discretion of Trial Judge—Burglary—Trial—Evidence, Competency of.*

1. A juror who has a suit "pending" but not "at issue" at the term of the Court at which he has been drawn to serve, is not disqualified under Section 1728 of *The Code*

2. The requirements of the Statute as to the manner or time of drawing jurors is directory merely and, hence, an objection that the jury list was not revised when required by Statute will not be considered in the absence of proof of bad faith or corruption on the part of the officers charged with that duty or where it does not appear that the party objecting has been, in some way, prejudiced thereby.

3. Sections 196 and 197 of *The Code* forbid a removal of a cause from the County of the right *venue* to another unless the trial Judge shall be "satisfied" that justice demands it; and the granting or refusal of such motion, however strong the affidavits in support of or against the motion may be, and whether there be counter affidavits or not, is not reviewable.

4. In the trial of a person for burglary, it is not competent for him to show that other burglaries were committed in the same neighborhood about the same time as the one with which he is charged was committed.

5. An objection by a prisoner charged with a capital offence that the special *venire* was summoned by the Sheriff as prescribed by Section 1738 of *The Code* instead of being drawn from the jury box as prescribed by Section 1739 of *The Code*, is untenable since the latter method is purely discretionary.

INDICTMENT for burglary, tried before *Hoke, J.,* and a jury at Fall Term, 1897, of CLEVELAND Superior Court. The defendant was convicted of burglary in the first degree, was sentenced to be hanged, and appealed, assigning as error the matters set out in the opinion.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. E. Y. Webb,* for defendant (appellant).

CLARK, J.: The motion to quash because one of the grand jurors had a suit "pending" in said Court was properly disallowed. The disqualification applies only to a juror who has a "suit pending *and at issue*" when the juror is drawn. *Code*, Section 1728. The object is to disqualify one who has a suit which is triable at the term for which he is drawn to serve as a juror. If the action should come to an issue at such term, it would not stand for trial "till the term of the Court next ensuing such joinder of issue." *Code*, Section 400. But here the juror's suit was not at issue when drawn, nor did it even come to issue at the term at which he served, for he did not file his answer at that term but was granted sixty days leave to file it. *Hodges* v. *Lassiter,* 96 N. C., 351.

Nor was there any force in the objection that the jury list was not revised (owing to delay in receiving the laws of 1897) on the first Monday in June, but at the meeting of the Commissioners on the first Monday in July or August. It does not appear that the prisoner was in any wise prejudiced thereby, and such requirements as to the manner or time of drawing jurors have always been held directory in the absence of proof of bad faith or corruption on the part of the officers charged with that duty. *State* v. *Stanton*, 118 N. C., 1182; *State* v. *Fertilizer Co.*, 111 N. C., 658; *State* v. *Wilcox*, 104 N. C., 847; *State* v. *Hensley*, 94 N. C., 1021; *State* v. *Griffice*, 74 N. C., 316; *State* v. *Haywood*, 73 N. C., 437.

The prisoner filed an affidavit for removal. The Court refused to remove and the prisoner excepted. The Superior Court of the County in which the offence was committed had the sole jurisdiction to try the offence unless the cause is removed therefrom, and the authority to order such removal is granted and restricted by *The Code*, Sections 196, 197. Section 196 provides that, in all civil and criminal actions upon affidavits on behalf of either party

STATE *v.* SMARR.

that justice cannot be obtained in the County in which the action is pending, "the Judge shall be authorized to order a copy of the record of said action to be removed to some adjacent County for trial, if *he* shall be satisfied that a fair trial cannot be had in said County." Section 197 says that it shall be competent for the other side to offer counter affidavits and "the Judge shall not order the removal of any such action *unless he shall be satisfied*, after thorough examination of the evidence as aforesaid, that the ends of justice demand it." It does not appear whether the State offered any counter affidavits. The Solicitor may not have deemed it necessary. In a matter of this kind the prisoner naturally states his ground for removal in as strong a light as possible, but the Judge is not bound by the recitals in his affidavits, though no counter affidavit is filed, but is to make "thorough examination of evidence." We do not know whether he heard oral testimony or what knowledge he had that prevented him from believing the averment that a fair trial could not be had in that County. He knew the truth as to the surroundings and circumstances far better than it can be known by us from an *ex parte* affidavit, and the Statute forbade him to remove unless "*he* was satisfied that the ends of justice required it." As he was not, there is no authority given to the appellate Court to hold that he was. It has always been held that the granting or refusing to grant an order of removal is a discretion which the law making power has vested in the trial Judge and that his action is not reviewable. *State* v. *Hall*, 73 N. C., 134; *State* v. *Hill*, 72 N. C., 345; *State* v. *Hildreth*, 31 N. C., 429; *State* v. *Duncan*, 28 N. C., 98. These were the uniform decisions even under the former Statute which was "that the Judge may decide upon such facts whether the belief is well grounded." Since then the present Statute, *Code*, Sections 196, 197 (Acts 1879, Chapter 45) has made the

discretion reposed in the trial Judge still more explicit by forbidding him to remove "unless *he* shall be satisfied" that the ends of justice demand it. Under the former less explicit Statute it was said, *obiter*, in *State* v. *Hall, supra,* that if the presiding Judge should refuse on account of a supposed want of power it might be reviewable, and possibly there might be other instances. The present Statute is so clear that no Judge could doubt his power, and it would be hard to imagine a case in which the Judge could be reviewed for refusal to remove under a Statute which only confers authority to remove if he is satisfied that the ends of justice require the removal and further forbids him to remove unless he is so satisfied. As Ruffin, C. J., says in *State* v. *Hildreth, supra,* "the presiding Judge must dispose of such applications (for removals and continuances) in his discretion and, as in other cases of discretion, his decision cannot be reviewed here but is final." And Bynum, J., in *State* v. *Hill, supra,* says, "it will be observed that the Statute does not impose a duty but confers a discretion, and, therefore, it is always competent for the Court to refuse to remove." Since then, as already pointed out, the Statute has restricted the discretion by forbidding removals unless the trial Judge is satisfied he ought to remove. "The temptation to perjury in such cases is so great," as Ruffin, C. J., says, *supra,* that the Legislature has thought proper to thus further discourage such motions. In England, to this day, no appeal has ever been allowed in criminal cases. With us, refusals to set aside a verdict as against the weight of evidence, or to continue or remove a cause, and many other matters, have never been reviewable. It was in the power of the Legislature to commit this matter of passing upon affidavits to remove absolutely to the wisdom and integrity of the trial Judge as best fitted to ascertain the truth of the matters alleged, and it has clearly done so. This is not the case of

a motion to remove for wrong *venue* which is a matter of law and reviewable. *Wood* v. *Morgan*, 118 N. C., 749. Here, the *venue* is right and the application is to change therefrom to another County. It is true the affidavit makes some strong averments, as might be expected, but they did not satisfy the learned and just Judge who presided at the trial, and unless they did he was forbidden to remove the cause. It does not appear that counter affidavits were not filed, but if they were not the Court is presumed to have "thoroughly examined" into the facts as required by Statute. The allegation that newspapers had discussed and denounced burglaries, and that one newspaper had published that the prisoner was charged with this offence, was not a very serious matter. The cause could not be moved into a County in which the same or similar newspapers had not largely circulated, nor where indignation would not be felt against the perpetration of an aggravated burglary. The impression once entertained of the dangerous effect upon a juror's mind of having read newspaper versions of an offence and comments thereon has long since worn out and the most intelligent men in a community, the newspaper readers, have long ceased to be held disqualified, on that account, as jurors. There is no reason to believe that the editors of the very papers which denounced the brute who broke into a lady's bed room at night with an axe to slay her, if detected, and who actually choked her, might not have been safely trusted to decide whether the evidence proved beyond a reasonable doubt that the prisoner's was the hand which did it. In the County of Cleveland, with some 4,000 voters, his Honor doubtless conceived that it would not be difficult to find twelve honest and un-biased men who would give the prisoner as fair a trial as could be had in any adjoining county. It does not even

121—85

appear that he exhausted his peremptory challenges. With unlimited challenges for cause, and twenty three challenges without cause, the prisoner doubtless had a fair jury and he assigns no error in the Judge, either as to the exclusion of evidence or in the instructions other than the utterly untenable exception that the Court would not admit evidence that other houses had been burglarized about the same time. It would not have been competent, even, to have shown that another had been convicted of the very offence with which the prisoner was charged. *State* v. *Beverly*, 88 N. C., 632.

The other exception that the special *venire* was summoned by the Sheriff as prescribed by *The Code*, Section 1738, and not drawn out of the box, is equally untenable. The Statute (*Code*, Section 1739), makes the latter mode purely discretionary. *State* v. *Stanton*, supra; *State* v. *Brogden*, 111 N. C., 656.

No error.