MATTIE J. GILLIKEN, EXECUTRIX, ET AL. v. GEORGE D. NORCOM ET AL.

(Filed 16 March, 1927.)

**Removal of Causes—Transfer of Causes—Local Prejudice—Courts—Discretion—Appeal and Error.**

Where a party moves for the removal of a cause to another county than the one in which it had been brought, upon the grounds that he cannot obtain a fair and impartial trial therein, C. S., 471, 472, and upon affidavits filed therein that the case had been generally discussed and that the movant could not proceed therein and obtain an impartial trial, upon which the judge so finds the facts, the order removing the case according to the requirements of the statute is within his sound discretion, and not reviewable on appeal, though he further states in his order that his findings were based on his personal observation.

CIVIL ACTION, before *Stack, J.,* at December Term, 1926, of CARTERET.

This was a civil action instituted for the purpose of setting aside a deed made to the defendant by the testatrix of the plaintiff. In apt time a motion for removal was made by the plaintiff upon the ground that "a fair and impartial trial of the action cannot be had in Carteret County." Affidavits were filed by both parties to the controversy,

and at the hearing upon the motion the following judgment was rendered, removing the case to Craven County:

"This cause, by consent of the parties, coming on to be heard in Greene County, and being heard upon the plaintiffs' and defendants' affidavits to remove the case to another county, the court finds that there are probable grounds to believe that a fair and impartial trial of the action cannot be had in Carteret County, and the court came to this conclusion upon personal observation during his term of court there and while trying two causes between these parties, to wit, Gilliken, Norcom *et al.,* concerning personal property and Gilliken and Norcom, etc., concerning real estate; and it is found as a fact that the surrounding circumstances are such and the court is of the opinion that a fair and impartial trial cannot be had in Carteret County:

It is further found as a fact that the case has been discussed to such an extent that it would be difficult to find a sufficient number of jurors who have not formed an opinion in the cause, and in order that the ends of justice would be promoted by the change, it is, therefore, ordered, considered and adjudged that the cause be removed to Craven County for trial, State of North Carolina, and that the clerk of the court of Carteret County send the original papers and a certified copy of this order to Craven County, and that further proceedings be had according to law."

*Abernethy & Abernethy, M. Leslie Davis and Ward & Ward for plaintiff.*

*C. R. Wheatley and J. F. Duncan for defendant.*

BROGDEN, J. Is an order of removal upon the ground that a party cannot secure a fair and impartial trial reviewable in the Supreme Court?

The plaintiff asked for removal of the cause under C. S., 471 and 472. Affidavits were filed in behalf of plaintiff, reciting in substance that the case had been discussed generally in Carteret County to such an extent that "the whole population have formed or expressed an opinion one way or the other." A large number of affidavits were filed in behalf of defendants, contradicting and controverting the affidavits filed by the plaintiff and asserting that a fair trial of the cause could be had in the county in which the action was instituted. The order of removal recites: "The court finds that there are probable grounds to believe that a fair and impartial trial of the action cannot be had in Carteret County, and the court came to this conclusion upon personal observation during his term of court there while trying two cases between these parties." The statutes upon which the motion is based contemplates that affidavits for removal must "set forth particularly in detail the

ground of the application." The rule of law governing motions for removal for the causes specified, is thus declared in *Phillips v. Lentz,* 83 N. C., 240: "The distinction seems to be where there are no facts stated in the affidavit as grounds for the removal, the ruling of the court below may be reviewed; but where there are facts set forth, their sufficiency rests in the discretion of the judge and his decision upon them is final." *S. v. Smarr,* 121 N. C., 672; *S. v. Turner,* 143 N. C., 641; *Garrett v. Bear,* 144 N. C., 23; *Oettinger v. Live Stock Co.,* 170 N. C., 152; *Byrd v. Spruce Co.,* 170 N. C., 429.

In *Oettinger v. Live Stock Co., supra,* the rule was declared to be: "The Supreme Court will not review the denial of the Superior Court judge of a motion to remove for the convenience of witnesses or for that the ends of justice will be promoted." To the same effect is the rule declared in *Byrd v. Spruce Co., supra, Justice Allen* observing: "The motion to remove the action for trial to another county in the interest of justice was addressed to the discretion of the court and is not reviewable."

Applying these rules of law, it appears from the record that, while the judge stated in the order of removal, "the court came to this conclusion upon personal observation," etc., yet the order of removal further recites "and it is found as a fact that the surrounding circumstances are such and the court is of the opinion that a fair and impartial trial cannot be had in Carteret County." It is further found as a fact "that the case has been discussed to such an extent that it would be difficult to find a sufficient number of jurors who have not formed an opinion in the cause," etc.

It is apparent, therefore, that the trial judge found sufficient facts to warrant the removal and that sufficient facts appeared in the affidavits to support the finding and order. The judgment is

Affirmed.