STATE v. EDWIN G. MOORE, II.
AND
STATE v. EDWIN G. MOORE, II.
AND
STATE v. EDWIN G. MOORE, II.

(Filed 12 December 1962.)

**1. Appeal and Error § 2; Criminal Law § 139—**

The Supreme Court has the power to allow *certiorari* to bring up the entire record for review in the exercise of its supervisory jurisdiction, irrespective of any appeal procedures, in order to insure the orderly administration of justice. Constitution of North Carolina, Art. IV, § 8.

**2. Criminal Law § 15; Jury § 2; Venue § 8—**

The discretionary power of a judge of the Superior Court to remove a cause to an adjacent county for trial on the ground that a fair trial cannot be had in the county in which the action or prosecution is pending, may be exercised only if the judge is satisfied, after hearing all the testimony offered by both sides by affidavit, that the ends of justice so

required; upon the hearing of the motion for removal the judge may, instead of ordering a removal, order that a special venire be summoned from another county. G.S. 1-84; G.S. 1-86.

**3. Same;   Courts § 9—**

Where, upon the hearing of motion to remove on the ground that defendant cannot obtain a fair trial in the county in which the offense was committed, the judge orders a special venire to be drawn from another county, such order is tantamount to a refusal of the motion to remove.

**4. Same—**

Where one Superior Court judge, upon the hearing of a motion to remove, orders a special venire to be drawn from another county, another Superior Court judge may not thereafter, in the absence of motion, affidavit or hearing, order that the cause be removed to another county of the district.

APPLICATION by the State for writ of *certiorari* and supersedeas allowed 29 August 1962 in the Supreme Court. From DARE.

At the October Criminal Term 1961 of the Superior Court of Dare County three bills of indictment were returned against the defendant by the grand jury, charging that the defendant wilfully, wantonly, maliciously and feloniously, and for an unlawful purpose, to wit, for the collection of insurance, set fire to certain buildings situate in Dare County, owned by the defendant and his wife, as follows: The first bill of indictment, No. 23, charges that the defendant set fire to two uninhabited houses, designated as cottages Nos. 1 and 2, situated near the Flagship Hotel. The second bill of indictment, No. 24, charges that the defendant burned the Flagship Hotel. The third bill of indictment, No. 25, charges that the defendant burned an uninhabited house, designated as cottage No. 3, situated near the Flagship Hotel.

After the arrest of the defendant on a warrant charging him with burning the properties involved, the defendant through his counsel filed a motion in the Superior Court of Dare County on 30 September 1961 for the removal of the actions to another county for trial on the alleged ground that the defendant could not get a fair trial in Dare County.

On the same date the defendant filed a motion for a bill of particulars.

His Honor, Chester Morris, Judge Presiding at the regular October Criminal Term 1961, after the above bills of indictment had been returned, heard the motion for removal. The three cases were consolidated for the purpose of the hearing. The court, after hearing all the testimony in behalf of the defendant in support of his motion for removal, and all the evidence in opposition thereto by the State through

the District Solicitor, concluded on his own motion that the ends of justice would be met if a jury was summoned from Perquimans County for trial of the actions, and an order was thereupon entered to the effect that a venire of sixty jurors be duly summoned from Perquimans County to appear at the next regular or special term of the Superior Court of Dare County to serve as jurors for the trial of the charges against the defendant.

In the meantime, with the approval of the attorneys for the defendant, a special term of court in Dare County was called for the trial of these cases to begin on 18 June 1962 and a venire of sixty jurors was chosen in Perquimans County to serve as jurors at said term.

Prior to the convening of the regular May Term 1962 for the trial of criminal cases in Dare County, the motion for a bill of particulars was heard by Judge Stevens in Pasquotank County. During the hearing, Judge Stevens stated: " * * * (T)hat this defendant probably could not receive a fair trial in Dare County, and that the court intended to when the court convened in Dare County, on May 28, 1962, sign an order removing the case to Pasquotank County for trial to the end that the defendant might get a fair trial * * *."

On 28 May 1962, in open court at Manteo, Judge Stevens entered an order moving the cases against the defendant to Pasquotank County for trial.

The State entered certain exceptions to this order and later filed an application for a writ of *certiorari* and supersedeas as hereinabove set out.

*Attorney General Bruton, Asst. Attorney General Moody for the State.*

*Leroy, Wells & Shaw for defendant.*

DENNY, C.J. The defendant contends that although an appeal was noted to the order of Judge Stevens for a change of venue, no case on appeal has been certified. We deem it unnecessary to discuss the failure on the part of the State to perfect the appeal in the usual manner since we allowed the application for writ of *certiorari*. The record and its contents are before us. Under the provisions of the Constitution of North Carolina, Article IV, Section 8, this Court is empowered "to issue any remedial writ necessary to give it a general supervision and control over the proceedings of the inferior courts." *S. v. Schlichter*, 194 N.C. 277, 139 S.E. 448; *S. v. Smith*, 240 N.C. 631, 83 S.E. 2d 656; *S v. Cochran*, 230 N.C. 523, 53 S.E. 2d 663.

The statute, G.S. 1-84, is quite clear that a judge may order a copy of the record in civil or criminal actions removed to some adjacent

county for trial. But he can only do so, "if he is of the opinion that a fair trial cannot be had in said county, after hearing all the testimony offered on either side by affidavits."

Likewise, under the provisions of G.S. 1-86, a judge in hearing a motion to remove, as provided in G.S. 1-184, may "on his own motion * * * instead of making order of removal may cause as many jurors as he deems necessary to be summoned from any county in the same judicial district or in an adjoining district," to serve as jurors in such action or actions. We hold that when Judge Morris entered the order directing that venire of jurors be drawn from Perquimans County to serve as jurors in the trial of these cases in Dare County, it was tantamount to a denial of the motion to remove the cases to another county for trial.

There is ample evidence on the record before us tending to show that Judge Stevens had been informed that a special term of court had been called for Dare County to begin on 18 June 1962 for the trial of these cases and that a venire of sixty jurors had been drawn from Perquimans County to serve as jurors in said trial or trials. It appears that the attorneys for the defendant wrote the solicitor on 21 April 1962 and sent a copy of the letter to Judge Stevens at Warsaw, North Carolina, which letter among other things contained the following statements: "If this case cannot be tried at the regular term in May then June 18 is agreeable to us for the trial of the case. * * * I (one of the attorneys for the defendant) gather from your letter of the 20th that a special venire has already been drawn. I will inquire into this and, unless there has been some irregularity, will certainly not suggest the drawing of another one."

There is nothing in the record before us to indicate that the attorneys for the defendant requested Judge Stevens to move these cases to Pasquotank County or that Judge Stevens heard any evidence with respect to any motion for removal or that he ever examined the affidavits filed before Judge Morris in the original hearing. Moreover, there was no exception entered to the order entered by Judge Morris or an appeal therefrom. *Rutherford College v. Payne*, 209 N.C. 792, 184 S.E. 827; *Neighbors v. Neighbors*, 236 N.C. 531, 73 S.E. 2d 153.

This Court said in *Oettinger v. Live Stock Co.*, 170 N.C. 152, 86 S.E. 957: "The defendant * * * by failing to except to the judge's denial of the motion for removal and by failing to appeal, waived all rights for removal."

In *S. v. Smarr*, 121 N.C. 669, 28 S.E. 549, the defendant filed an affidavit for removal. The court refused, and the defendant excepted. On appeal, this Court said: "The Superior Court of the county in which the offense was committed had the sole jurisdiction to try the

offense unless the cause is removed therefrom, and the authority to order such removal is granted and restricted by the Code, secs. 196 (now G.S. 1-84), 197 (now G.S. 1-85.) Section 196 provides that, in all civil and criminal actions upon affidavits in behalf of either party that justice cannot be obtained in the county in which the action is pending, 'the judge shall be authorized to order a copy of the record of said action to be removed to some adjacent county for trial, if *he* shall be satisfied that a fair trial cannot be had in said county.' Section 197 says that it shall be competent for the other side to offer counter-affidavits, and 'the judge shall not order the removal of any such action *unless he shall be satisfied,* after thorough examination of the evidence as aforesaid, that the ends of justice demand it.' * * * It has always been held that the granting or refusing to grant an order of removal is a discretion which the law-making power has vested in the trial judge and that his action is not reviewable." *S. v. Turner,* 143 N.C. 641, 57 S.E. 158; *Oettinger v. Live Stock Co., supra; Gilliken v. Norcom,* 193 N.C. 352, 137 S.E. 136.

An examination of our present statutes, G.S. 1-84 and 1-85, will reveal some changes in the wording thereof but not in legal effect. For instance, Code section 196 authorized the removal "if he (the judge) shall be satisfied that a fair trial cannot be had in said county." This provision has been changed in the present statute to read, "if he (the judge) is of the opinion that a fair trial cannot be had in said county, after hearing all the testimony offered on either side by affidavits." Section 197 of the Code provided, "the judge shall not order the removal of such action unless he shall be satisfied, after thorough examination of the evidence * * * that the ends of justice demand it." The present statute has been changed to read, "the judge shall order the removal of the action, if he is satisfied after thorough examination of the evidence * * * that the ends of justice demand it."

The rule with respect to removal upon the grounds that the defendant cannot get a fair trial in the county where the action is pending, contemplates that affidavits for the removal must "set forth particularly in detail the ground of the application." *Gilliken v. Norcom, supra.*

In the last cited case, Brogden, J., speaking for the Court, said: "The rule of law governing motions for removal of causes specified, is thus declared in *Phillips v. Lentz,* 83 N.C. 240: 'The distinction seems to be where there are no facts stated in the affidavit as grounds for the removal, the ruling of the court below may be reviewed; but where there are facts set forth, their sufficiency rests in the discretion of the judge and his decision upon them is final," citing authorities.

In light of the facts revealed on the record before us, we hold that the order removing these cases to Pasquotank County was improvidently entered and should be reversed.

These cases ought to be tried without further unnecessary delay. They have been pending and at issue since the October Criminal Term 1961 in Dare County. Therefore, we suggest that the proper authorites request a special term of the Superior Court of Dare County to try these cases and that an order be obtained for a venire of jurors from Perquimans County to serve as jurors in the trial of these cases.

Reversed.