J. H. PATRICK AND WACHOVIA BANK & TRUST COMPANY, EXECUTORS OF THE WILL OF P. P. GREGORY, DECEASED v. JOE L. HURDLE

No. 691SC367

(Filed 27 August 1969)

**1. Venue § 8— removal for convenience of witnesses — sufficiency of findings to support order**

Allegations in plaintiff's affidavit in support of motion to remove cause to another county that the parties risk losing the testimony of witnesses through death or disability if there is a long delay in trial and, further, that knowledge of the transactions between the parties are so well known and discussed in the county that it would be difficult to obtain a fair trial therein, *are held* insufficient to support finding and conclusion of trial judge that "the convenience of witnesses and the ends of justice would be promoted by the change," and order of removal based on such finding exceeded trial judge's discretionary authority.

**2. Venue § 8.5— removal for fair trial**

A motion to remove cause for prejudice under G.S. 1-84 is addressed to the sound discretion of the trial judge.

**3. Venue § 8— removal for convenience of witnesses**

A motion to remove a cause when the convenience of witnesses and ends of justice would be promoted is addressed to the sound discretion of the trial judge. G.S. 1-83(2).

**4. Venue § 8— motion for removal of cause — prerequisite**

When a motion to remove a cause is made, facts must be stated particularly and in detail in the affidavit, or judicially admitted, showing the grounds for such removal. G.S. 1-85.

APPEAL by defendant from *Parker (Joseph W.), J.,* 17 March 1969 Session, PASQUOTANK Superior Court.

The order from which this appeal is taken was entered after a hearing conducted by consent in Pasquotank County concerning an action pending in Currituck County. Pasquotank and Currituck Counties lie within the First Judicial District and during the period 1 January 1969 through 30 June 1969 Judge Parker was regularly assigned to hold the courts in the First Judicial District.

Plaintiffs instituted this action in Currituck County, the residence of the defendant, alleging that defendant is indebted to the estate of P. P. Gregory. Defendant filed answer denying the indebtedness, and alleging by way of counter-claim, that the estate is indebted to defendant.

On 28 February 1969 plaintiffs filed a motion and affidavit for removal of the cause from Currituck County to Pasquotank County

or another county for trial. This is the motion that by consent was heard by Judge Parker in Pasquotank County. At the conclusion of the hearing Judge Parker entered his order, dated 20 March 1969, removing the case to Pasquotank County for trial. Defendant appealed.

*Leroy, Wells, Shaw & Hornthal, by L. P. Hornthal, Jr., for plaintiffs-appellees.*

*John T. Chaffin and Gerald F. White for defendant-appellant.*

BROCK, J.

Removal of a case for a "fair trial" under the provisions of G.S. 1-84 is limited to removal to an adjoining county. Removal of a case "when the convenience of witnesses and ends of justice would be promoted" under the provisions of G.S. 1-83 (2) is not limited to removal to an adjoining county.

Appellees state in their brief: "In any event, as far as the geography of the matter is concerned, Currituck and Pasquotank Counties seemingly adjoin in the Albemarle Sound." However, it seems from Judge Parker's order that plaintiffs and the Judge were doubtful that the two counties do adjoin, because the order concludes ". . . that the convenience of witnesses and the ends of justice would be promoted by the change. . . ." This appears to be an attempt to order removal under G.S. 1-83 (2) which allows removal to a non-adjoining county.

[1]   A determination of whether Currituck and Pasquotank Counties adjoin in the Albemarle Sound is not necessary to a disposition of this appeal. The main problem presented here is whether the finding by the trial judge is supported by the evidence. The only evidence in the record is the affidavit of counsel for plaintiffs. There are only two paragraphs of facts alleged under oath in the affidavit. The two paragraphs of the affidavit are as follows:

"1.   Without a special session of court this case cannot in all probability be tried in Currituck County until December 1969 or January 1970. The plaintiffs and, on information and belief, the defendant risk losing the testimony of witnesses through death or disability if there is a long delay in trial. The plaintiffs particularly would be prejudiced by the death of the defendant since plaintiffs would in that event be unable to offer certain evidence of transactions with him, and plaintiffs are informed and believe that the defendant's health is poor.

Trial in Pasquotank County would be little or no inconvenience to witnesses and all attorneys have offices in and, a number of witnesses reside in, Pasquotank County. The plaintiffs are administering an estate of substantial size and all parties affected by it are prejudiced by the delay in the conclusion of this litigation since death taxes, bequests, and real property titles will not be completely settled until this litigation is terminated. Plaintiffs aver on information and belief that this case can be tried in Pasquotank County at the May 1969 Session.

"2. The plaintiffs are informed and believe that the defendant and his activities generally and particularly his transactions with the late P. P. Gregory, have been known to many people and generally discussed in Currituck County for a long period of time, and it would be difficult to obtain a jury completely free of and uninfluenced by such knowledge and discussion. Such knowledge of the transactions between said parties are not well known and have not generally been discussed in Pasquotank County, and it is necessary in the interest of obtaining a fair trial that this cause be removed to Pasquotank or some other county."

The allegations of the first paragraph of the affidavit appear to allege grounds for removal for the purpose of obtaining a speedy trial, if such were authorized; but certainly they do not support a finding and conclusion "that the convenience of witnesses and the ends of justice would be promoted by the change." The allegations in the second paragraph are addressed entirely to an inability to obtain a fair trial in Currituck County, and they give no support to a finding and conclusion "that the convenience of witnesses and the ends of justice would be promoted by the change."

The only finding and conclusion by the trial judge was as follows: ". . . it appearing to the Court after considering the affidavits submitted by the parties and arguments of counsel that the convenience of witnesses and the ends of justice would be promoted by the change and that said motion should be allowed, in the discretion of the Court." The order then directs the removal to Pasquotank County and peremptorily sets the case for trial at the May 1969 Session.

The affidavit might well give support to a finding and conclusion that a fair and impartial trial could not be obtained in Currituck County, but the trial judge made no such finding. So far as this record is concerned the trial judge did not base his finding and con-

clusion on facts in the record, and, therefore, the order exceeds the trial judge's discretionary authority.

[2-4] A motion to remove for prejudice under G.S. 1-84 is addressed to the sound discretion of the trial judge. *Gilliken v. Norcom,* 193 N.C. 352, 137 S.E. 136; *Phillips v. Lentz,* 83 N.C. 240. Likewise, a motion to remove when the convenience of witnesses and ends of justice would be promoted is addressed to the sound discretion of the trial judge. *Gilliken v. Norcom, supra.* However, when a motion to remove is made, facts must be stated particularly and in detail in the affidavit, or judicially admitted, showing the grounds for such removal. G.S. 1-85; See, *Gilliken v. Norcom, supra; Emery v. Hardee,* 94 N.C. 787.

In *Gilliken v. Norcom, supra,* it was stated thus: "The rule of law governing motions for removal for the causes specified, is thus declared in *Phillips v. Lentz,* 83 N.C. 240: 'The distinction seems to be where there are no facts stated in the affidavit as grounds for the removal, the ruling of the court below may be reviewed; but where there are facts set forth, their sufficiency rests in the discretion of the judge and his decision upon them is final.' Citing cases."

For the failure of the evidence to support the findings and order of the trial judge, the order removing this cause from Currituck to Pasquotank must be

Reversed.

CAMPBELL and MORRIS, JJ., concur.