R. FRANK EVERETT, H. T. HIGHSMITH AND H. H. WORSLEY, CO-PART-NERS, TRADING AND DOING BUSINESS AS PLANTERS WAREHOUSE NO. ONE AND NO. TWO v. TOWN OF ROBERSONVILLE AND SEABOARD COAST LINE RAILROAD COMPANY

No. 702SC102

(Filed 27 May 1970)

1. **Venue § 8.5—**   **removal for fair trial — granting of subsequent motion after trial — change of circumstances**

In plaintiffs' action against a town and a railroad to recover flood damages to their warehouse, the trial judge, subsequent to the conclusion of the trial, properly exercised his discretion in granting plaintiffs' motion to remove the action to an adjacent county for retrial on the ground that a fair and impartial trial could not be had in the county in which the

trial was held, notwithstanding another judge prior to the trial had denied plaintiffs' motion to remove on the same ground, where (1) the trial judge's discretion was exercised in the light of changed circumstances brought about by the trial itself, which had continued for two weeks in a county having only five weeks a year of regular superior court sessions, and (2) the trial court considered the entire record in the action, including the testimony of witnesses, and also considered the public discussion and interest generated by the trial.

**2. Venue § 8.5— removal for fair trial — discretion of court**

A motion for change of venue or, in the alternative, that a jury be summoned from another county, on the ground that a fair and impartial trial cannot be obtained in the county in which the petition is pending, is addressed to the sound discretion of the trial court. G.S. 1-84.

**3. Venue § 8.5— removal for fair trial — significant change of circumstances**

On motion for change of venue on the ground that a fair and impartial trial cannot be obtained, the court must exercise its discretion in the light of the situation existing when the decision is made; should thereafter some significant change occur, the trial court may be called upon again to exercise its discretion in the light of the changed situation.

**4. Venue § 8.5— removal for fair trial — statutory and discretionary authority**

Ordinarily, the power of the trial judge to remove an action in order to assure a fair and impartial trial is invoked pursuant to G.S. 1-84, but the trial judge also has the inherent discretionary power to order a change of venue *ex mero motu* when, because of existing circumstances, a fair and impartial trial cannot be had in the county in which the action is pending.

**5. Venue § 9; Appeal and Error § 54— change of venue — the affidavit — appellate review**

Where facts are set forth in the affidavit supporting a motion for change of venue, their sufficiency rests in the discretion of the judge and his decision upon them is final; but where no facts are stated in the affidavit as grounds for removal, the ruling of the trial court may be reviewed on appeal. G.S. 1-84, G.S. 1-85.

APPEAL by defendant, Town of Robersonville, from *Martin, Robert M., J.,* June 1969 Civil Session of MARTIN Superior Court.

This is a civil action instituted in the Superior Court of Martin County in which plaintiffs seek recovery of damages in the amount of $210,263.41 for injuries sustained by them from the flooding of their warehouse located in the Town of Robersonville. Plaintiffs alleged that such flooding was caused by negligence of the defendants. Each defendant answered and denied negligence. In apt time before trial plaintiffs moved that the cause be removed to another county for trial or in the alternative that a special venire be brought in

from another county on the ground it would be difficult to obtain an impartial jury in Martin County. After hearing on this motion at the April 1969 Session of Martin Superior Court, Judge Hubert E. May entered an order denying the motion and setting the cause for trial at the next civil session of court. The case came on for trial at the June 1969 Civil Session of Martin Superior Court and was tried before Judge Robert M. Martin and a jury. The trial commenced on Monday, 2 June 1969 and continued for two weeks, requiring the entry of orders extending the session of court. The jury returned verdict finding each of the defendants negligent and awarding damages in the amount of $8,000.00.

After return of the jury's verdict in open court, plaintiffs moved that the verdict on the issue of damages be set aside as contrary to the weight of the evidence, contending that the award of damages was grossly inadequate. Plaintiffs also renewed their motion, previously made pursuant to G.S. 1-84, to remove the case to an adjacent county for retrial upon the grounds that a fair and impartial trial could not be obtained in Martin County. Defendant Seaboard Coast Line Railroad Company moved that the verdict finding it negligent be set aside as contrary to the greater weight of the evidence, and defendant Town of Robersonville moved that in event the court should set aside the verdict on the issue of damages it also set aside the verdict finding defendant Town of Robersonville negligent and order a complete new trial on all issues. Arguments on these motions were made in open court upon the return of verdict at the trial in Martin County. Subsequently, by consent of all the parties, additional arguments were presented to Judge Martin in Cabarrus County on 20 October 1969, following which the court entered an order containing the following:

"And at the conclusion of the arguments of counsel and upon consideration of the entire record in this case, including the testimony given by the witnesses during the trial at the June 2, 1969, Civil Session of Superior Court of Martin County and the events which transpired during the trial, the court is of the opinion that the verdict of the jury upon the third issue was and is clearly contrary to the greater weight of the evidence and that, therefore, the verdict upon that issue should be set aside, but the court is also of the opinion that there should be a complete new trial upon all of the issues in the case, and the court is further of the opinion, and finds as a fact, that a fair and impartial retrial of the case cannot now be obtained in Martin County and that, therefore, the case should be removed to an adjacent county for retrial;

"NOW, THEREFORE, in the exercise of the court's discretion, IT IS ORDERED that the aforesaid verdict of the jury returned at the June 2, 1969, Civil Session of Superior Court of Martin County shall be and the same is hereby set aside in toto and the parties are granted a new trial upon all issues arising in the case; AND IT IS FURTHER ORDERED, in the exercise of the court's discretion, that a copy of the record of the action be removed to the Superior Court of Edgecombe County for retrial, the court being of the opinion that a fair and impartial trial cannot be had by a retrial of the case in the Superior Court of Martin County."

To the portion of said order removing the cause from Martin County to Edgecombe County for retrial, defendant Town of Robersonville excepted and appealed.

*Wilkinson & Vosburgh; and Jordan, Wright, Nichols, Caffrey & Hill, by Welch Jordan and Mickey A. Herrin, for plaintiff appellees.*

*Paul D. Roberson, Clarence W. Griffin; and Connor, Lee, Connor & Reece, by Cyrus F. Lee and J. M. Reece, for defendant appellant, Town of Robersonville.*

*Rodman & Rodman, by Edward N. Rodman, for defendant appellant, Seaboard Coast Line Railroad Company, filed brief concurring in the brief of the Town of Robersonville.*

PARKER, J.

[1] Appellant contends that Judge May having denied plaintiffs' motion to remove which was entered prior to the trial, Judge Martin was without authority thereafter to enter the order appealed from. We do not agree.

Appellant cites the well established rule that ordinarily one superior court judge may not overrule or reverse the judgment of another superior court judge previously made in the same action. *Neighbors v. Neighbors*, 236 N.C. 531, 73 S.E. 2d 153. This rule, however, is not applicable to the situation presented by the present appeal.

[1-3] A motion for change of venue or, in the alternative, that a jury be summoned from another county, on the ground that a fair and impartial trial cannot be obtained in the county in which the action is pending, is addressed to the sound discretion of the trial court. G.S. 1-84; *State v. Porth*, 269 N.C. 329, 153 S.E. 2d 10. Of necessity the court must exercise that discretion in the light of the

situation existing when the decision is made. Should thereafter some significant change occur, it may become necessary, in the interest of assuring a fair trial, that the trial court be called upon again to exercise its discretion. In such case the discretion should be exercised in the light of the changed situation, and we see nothing in the statute, G.S. 1-84, or in the rule which limits the power of one superior court judge to reverse a judgment of another, which prevents that this be done. In the present case a significant change occurred after Judge May's order was entered and prior to the time Judge Martin entered the order appealed from. The trial of this action was in itself sufficient to bring about a significant change in circumstances in the county in which the action was pending. This trial consumed approximately two full weeks of the court's time in a county which had only five weeks of regularly scheduled civil sessions of superior court during the entire year. Judge Martin had himself presided at that trial and had an opportunity to observe the extent of the public interest and discussion which the trial itself generated. It was proper for him to exercise his discretion in the light of the changed circumstances brought about by the trial itself.

*Rutherford College v. Payne*, 209 N.C. 792, 184 S.E. 827, cited by appellant, is distinguishable and is not here controlling. In that case the motion to remove was made as a matter of right on the ground that the principal office of the plaintiff corporation was not in the county in which the action was instituted; obviously this presented a question which, when once decided by one superior court judge, could not be reviewed by another superior court judge in the same action.

[4, 5] Appellant's additional contention that Judge Martin's order must be reversed because not based upon affidavits as referred to in G.S. 1-85 is also without merit. Ordinarily the power of the trial judge to remove an action in order to assure a fair and impartial trial is invoked pursuant to G.S. 1-84. That statute requires the suggestion to be made on oath or affirmation and the order to be entered "after hearing all the testimony offered on either side by affidavits." The affidavits should set forth "particularly and in detail the ground of the application," and "[i]t is competent for the other side to controvert the allegations of fact in the application, and to offer counter affidavits to that end." G.S. 1-85; *Patrick v. Hurdle*, 6 N.C. App. 51, 169 S.E. 2d 239. Where facts are set forth in the affidavit, their sufficiency rests in the discretion of the judge and his decision upon them is final; but where no facts are stated in the affidavit as grounds for removal, the ruling of the trial court may be reviewed on appeal. *Gilliken v. Norcom*, 193 N.C. 352, 137 S.E. 136; *Phillips v. Lentz,*

83 N.C. 240. In addition, however, to the express statutory authority granted in G.S. 1-84, the judge of superior court has the inherent discretionary power to order a change of venue *ex mero motu* when, because of existing circumstances, a fair and impartial trial cannot be had in the county in which the action is pending. *English v. Brigman*, 227 N.C. 260, 41 S.E. 2d 732. Such was the case here. Judge Martin's order recites that it was entered "upon consideration of the entire record in this case, including the testimony given by the witnesses during the trial at the June 2, 1969, Civil Session of Superior Court of Martin County and the events which transpired during the trial." These events occurred in Judge Martin's presence. The sworn testimony of witnesses at the trial and the court's own observation of the events transpiring at the trial furnished sufficient basis for the court to invoke its inherent discretionary power to order the removal in the furtherance of justice. The fact that plaintiffs had filed and later renewed a motion to remove would not, under the circumstances of this case, compel the court to proceed only under the statutory authority and to forego exercise of its inherent judicial power. Nothing in the record indicates, and appellant does not contend, that it was denied full opportunity to be heard.

The order appealed from is

Affirmed.

CAMPBELL and VAUGHN, JJ., concur.