HARRINGTON MANUFACTURING COMPANY, INC. v. POWELL MANUFAC-
TURING COMPANY, INC.

No. 796SC295

(Filed 18 December 1979)

**Venue § 7— counterclaim only unadjudicated claim—no removal as a matter of
right**
    Where defendant's compulsory counterclaim is the only claim left to be
adjudicated, defendant is not entitled under G.S. 1-83 to a change of venue as a
matter of right from the county of plaintiff's residence to the county of defend-
ant's residence, since the county of plaintiff's residence is a proper venue
under G.S. 1-82. Furthermore, defendant waived objection to venue by failing
to make a motion to remove prior to filing an answer to plaintiff's complaint.

APPEAL by defendant from *Peel, Judge.* Order entered 26
February 1979 in Superior Court, BERTIE County. Heard in the
Court of Appeals on 15 November 1979.

This is the third appeal to this Court in this action which was
filed, originally, on 12 September 1974 in the Superior Court of
Bertie County, whereby plaintiff Harrington sought damages for
alleged unfair trade practices by defendant. On 4 November 1974,
prior to answering the plaintiff's complaint, defendant Powell
filed an action in the Superior Court of Mecklenburg County as-
serting a claim against Harrington for unfair trade practices. On
10 January 1975, Powell filed an answer to the Bertie County
complaint which it was allowed to amend on 4 November 1975,
and in which it asserted numerous defenses and added a
counterclaim based on "unfair trade competition." Thereafter,
pursuant to various Orders of the Court of Appeals and the
Supreme Court, the complaint filed by Powell in Mecklenburg
County was dismissed, with leave to Powell to assert the claims
contained therein as a "compulsory counterclaim" in the Bertie
County action. This Powell did on 29 September 1976.

On 5 October 1976 plaintiff moved to dismiss defendant's
counterclaims pursuant to Rule 12(b)(6), G.S. § 1A-1. On 28
January 1977 defendant moved for summary judgment against
plaintiff. By a judgment dated 11 May 1977, the trial court al-
lowed both motions, and both parties appealed to this Court. In
an opinion reported at 38 N.C. App. 393, 248 S.E. 2d 739 (1978),
*cert. denied,* 296 N.C. 411, 251 S.E. 2d 469 (1979), Judge Parker

for the Court affirmed the order granting summary judgment against plaintiff, affirmed the dismissal of three of defendant's counterclaims and reversed the dismissal of the remaining counterclaim.

Thereafter, on 16 January 1979 (amended 12 February 1979), defendant moved for a change of venue of its counterclaim from Bertie County to Mecklenburg County, contending that it was entitled to the transfer "as a matter of right and . . . within the equitable powers of the Court . . . ." Upon the denial of the motion on 26 February 1979, defendant appealed.

*Pritchett, Cooke & Burch, by W. W. Pritchett, Jr. and Stephen R. Burch, for the plaintiff appellee.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and William P. Farthing, Jr., for the defendant appellant.*

HEDRICK, Judge.

Defendant Powell contends that the trial court erred in denying its motion for a change of venue for the reason that it has been "converted" into the plaintiff in this lawsuit since its counterclaim is the only claim left to be adjudicated, and, therefore, as a matter of right and "historical choice", it should choose the forum in which to try its claim. Powell concedes that it has been unable to find any authority to support its position.

We turn, then, to an examination of the pertinent sections of our venue statute and find that, at the outset, G.S. § 1-82 is applicable to this action. It provides in part:

> *Venue in all other cases.* —In all other cases the action must be tried in the county in which the plaintiffs or the defendants, . . . reside at its commencement, . . .

Clearly, Bertie County, the home of the plaintiff Harrington, is proper for venue, and defedant Powell frankly admits that fact. But, based upon its view of its present position in the suit, Powell argues that it is entitled to a change of venue pursuant to G.S. § 1-83, which in relevant part provides:

> *Change of venue.* —If the county designated for that purpose in the summons and complaint is *not* the proper one, the

action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, . . .

The court may change the place of trial in the following cases:

(1) When the county designated for that purpose is not the proper use.

(2) When the convenience of witnesses and the ends of justice would be promoted by the change.

(3) When the judge has, at any time, been interested as party or counsel.

(4) When the motion is made by the plaintiff and the action is for divorce and the defendant has not been personally served with. summons.

[Emphasis added.]

Defendant has neither alleged nor argued grounds for removal based on the interest of the judge, or the convenience of witnesses, and, obviously, defendant could not proceed under subsection (4) of § 1-83. Moreover, in ruling on defendant's motion below, the judge expressly excluded "any consideration of change of venue for convenience of witnesses and ends of justice, those grounds not being presented by Affidavit or argument." Even assuming, *arguendo*, that defendant had based its motion upon such grounds, removal on those grounds is addressed to the sound discretion of the trial judge. *Patrick v. Hurdle*, 6 N.C. App. 51, 169 S.E. 2d 239 (1969). His decision thereon is not reviewable, except upon a showing of abuse of discretion. *Causey v. Morris*, 195 N.C. 532, 142 S.E. 783 (1928); *Phillips v. Currie Mills, Inc.*, 24 N.C. App. 143, 209 S.E. 2d 886 (1974).

There are no other grounds under the statute upon which defendant can base a successful argument for a change of venue. It concedes that Bertie County is proper under G.S. § 1-82. Thus, removal as a matter of right from an improper county as provided for in § 1-83 is not at issue. If defendant's contention at this time is that Bertie is *not* proper, a position which could not be sustained, failure to follow the mandates of § 1-83, by not making such a motion "before the time of answering expires," results in a

waiver of defendant's "right" to a change. *Collyer v. Bell*, 12 N.C. App. 653, 184 S.E. 2d 414 (1971). Defendant made no motion to remove prior to filing an answer to plaintiff's complaint. It has, therefore, waived whatever "right" it now seeks to assert. Any motion for change thereafter is addressed to the sound discretion of the court. Defendant does not allege, much less prove, that the court abused its discretion in denying the motion.

Defendant's argument that it "should not be penalized because of the venue statutes' failure to address venue of compulsory counterclaims in such remote circumstances" is unsupported in law and in logic. Yet, the resolution of this "extraordinarily circuitous" case has been delayed for almost another year. We hold that Bertie County is the proper venue.

Therefore, the Order of the trial judge denying defendant's motion for change is

Affirmed.

Judges MARTIN (Robert M.) and WELLS concur.