WILSON MYERS, Administrator of The ESTATE OF TIMOTHY JAMES TICKLE, and CYNTHIA MYERS, Plaintiffs.
v.
BILLY BRYANT, Sheriff of Lee County, North Carolina, and LEE COUNTY, NORTH CAROLINA, Defendants.
No. COA07-491
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
West & Smith, LLP, by Stanley W. West, for plaintiffs-appellees.
Womble Carlyle Sandridge & Rice, PLLC, by James R. Morgan and Bradley O. Wood, for defendant-appellant.
WYNN, Judge.
A "judge of superior court has the inherent discretionary power to order a change of venueex mero motu when, because of existing circumstances, a fair and impartial trial cannot be had in the county in which the action is pending."[1] Here, defendant argues that the trial court erred in granting plaintiffs' motion for change of venue. Because the trial court did not abuse its inherent discretion to order a change of venue, we affirm. On 18 January 2004, Timothy Tickle, age 34, left a half way house in Dunn, North Carolina, and returned to his parents' home in Broadway, North Carolina. On the evening of 19 January 2004, Mr. Tickle's mother, Cynthia Myers, picked her son up from a local service station and took him to the Lee County Jail, which she was obligated to do because his bond required him to be at a treatment facility or in custody. Ms. Myers surrendered her son between 11:30 p.m. and 12:00 a.m. At approximately 2:35 p.m. on 20 January 2004, Mr. Tickle was found not breathing. At 3:45 p.m., Mr. Tickle was pronounced dead as the result of a cardiac arrest while sleeping.
On 19 December 2005, Mr. Tickle's parents, Wilson Myers and Cynthia Myers ("Plaintiffs") brought actions for wrongful death and negligent infliction of emotional distress against Billy Bryant ("Defendant"), formerly the elected Sheriff of Lee County, in his official capacity. Plaintiffs also brought suit against Lee County, but voluntarily dismissed their claims against Lee County on 22 November 2006. On 15 December 2006, the trial court granted Plaintiffs' motion for change of venue and ordered that the case be transferred to Superior Court, Harnett County, North Carolina.
On appeal, Defendant argues that the trial court improperly granted Plaintiffs' motion for change of venue. We disagree.[2] In determining venue for an action against a public officer, section 1-77 of our General Statutes provides that:
Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law:
. . . .
(2) Against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer.
N.C. Gen. Stat. § 1-77 (2005). "Our courts have recognized that both sheriffs and deputy sheriffs are public officers." Summey v. Barker, 142 N.C. App. 688, 691, 544 S.E.2d 262, 265 (2001). It is also well established that a cause of action for wrongful death arises in the county where "the acts or omissions constituting the basis of the action occurred." Frink v. Batten, ___ N.C. App. ___, ___, 646 S.E.2d 809, 811 (2007).
Thus, section 1-77 establishes Lee County as a proper venue for this action; however, section 1-77 is subject to "the power of the court to change the place of trial, in the cases provided by law."[3] N.C. Gen. Stat. § 1-77. To that end, Plaintiffs argue that the trial court had authority to change venue based on N.C. Gen. Stat. §§ 1-83(2) and 1-84, and the trial court's inherent authority to change venue.
Indeed, we have previously held that "[i]n addition . . . to the express statutory authority granted in G.S. 1-84, the judge of superior court has the inherent discretionary power to order a change of venue ex mero motu when, because of existing circumstances, a fair and impartial trial cannot be had in the county in which the action is pending." Everett v. Robersonville, 8 N.C. App. 219, 224, 174 S.E.2d 116, 119 (1970) (emphasis added). "A motion for change of venue . . . on the ground that a fair and impartial trial cannot be obtained in the county in which the action is pending, is addressed to the sound discretion of the trial court." Id. at 222, 174 S.E.2d at 118.
Defendant argues that there is a lack of "existing circumstances" on which to base the trial court's transfer of venue. We disagree.
Here, the trial judge made the following findings of fact:
2. Plaintiff Wilson Myers, Administrator of the Estate of Timothy James Tickle, was formerly employed by Lee County Sheriff's Department. As an employee of the Lee County Sheriff's Office, Wilson Myers was assigned duties as a court bailiff. Mr. Myers last worked for the Lee County Sheriff's Office in 2004.
3. Plaintiff Cynthia Myers, mother of Timothy James Tickle and a Plaintiff in this matter, was formerly an employee for a number of years in the Office of the Lee County Clerk of Superior Court, where she served as an Assistant Clerk dealing primarily with Superior Court matters. Mrs. Myers last worked for the Office of the Lee County Clerk of Superior Court in 2003.
4. If this case was tried in Lee County, with the Lee County Sheriff as Defendant, the Lee County Sheriff's Department would be functioning as security and bailiff service to the Court. The bailiffs would have direct contact with potential juror and jurors in the case on a daily basis.
5. The potential jury pool could be prejudicially biased against or for Sheriff of the County if the jurors were summoned from Lee County.
6. Obtaining a jury of twelve (12) fair and impartial people would be difficult, given the parties involved in the case.
The trial court concluded that based on "pleadings, deposition testimony, and argument of counsel . . . it would be in the interest of justice and for the benefit of the parties that venue be changed." The trial court then noted that "[t]o the extent that Plaintiffs' Motion is inadequately supported, the Court concludes under its inherent discretionary power that a change of venue is appropriate."
In support of their motion to change venue, Plaintiffs presented evidence that Defendant had been the elected Sheriff of Lee County since 1986. Plaintiffs contend that as the former elected Sheriff, it is probable that a jury pool from Lee County would be biased for or against Defendant. Additionally, Plaintiffs note that the case involves negligence of Lee County Sheriff's Department employees and the Sheriff's Department would be in charge of maintaining the courtroom. Finally, the record shows that Mr. Myers previously worked for the Sheriff's Office and Ms. Myers worked for the Lee County Clerk of Court for twenty years. In light of this evidence, we cannot say that the trial court abused its discretion by changing venue from Lee County to Harnett County. Therefore, we affirm.[4]
Affirmed.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).
NOTES
[1] Everett v. Robersonville, 8 N.C. App. 219, 224, 174 S.E.2d 116, 119 (1970).
[2] Although this appeal is interlocutory, it is immediately appealable because the right to venue established by statute is a substantial right. Gardner v. Gardner, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980).
[3] We reject Defendant's argument that section 1-77 does not allow actions against public officers to be transferred, as we have held that even where venue is proper under section 1-77, the trial court has discretion to transfer the action to another county. See Stewart v. Southeastern Reg'l Med. Ctr., 142 N.C. App. 456, 460, 543 S.E.2d 517, 519 (2001) (noting that although section 1-77 requires a county hospital to be tried in the county where the cause arose, "the trial court may, in its discretion, move the action to another county for the convenience of witnesses and the promotion of the ends of justice."); Thompson v. Norfolk Southern Ry. Co., 140 N.C. App. 115, 122, 535 S.E.2d 397, 402 (2000) (recognizing that although the municipality had a right to remove the case to the county of proper venue, the plaintiff may still file a motion to transfer venue for the convenience of witnesses and to promote the ends of justice).
[4] Because we conclude that the trial court did not abuse its inherent discretion in granting Plaintiffs' motion to change venue, we will not address whether the trial court had authority to transfer venue pursuant to N.C. Gen. Stat. § 1-83(2) or § 1-84.