STATE v. JESSIE GRAVES.

(Filed 10 June, 1960.)

**Criminal Law § 97—**

> Argument of the Solicitor to the effect that the jury should not recommend life imprisonment because crime of the type with which defendant was charged tempted people to take the law in their own hands, that they might have done so in this case except for their reliance upon the jury to uphold the law, and that if defendant were given life imprisonment rather than death the Solicitor did not know what might happen in later cases, *is held* grossly improper, and defendant's assignment of error based upon an exception taken during the trial is sustained.

APPEAL by defendant from *Carr, J.,* at October 1959 Criminal Term, of ALAMANCE.

Criminal prosecution upon a bill of indictment charging defendant Jessie Graves with the capital felony of rape.

Plea: Not guilty to the indictment.

Verdict: That defendant is guilty of rape.

Judgment: Sentenced to death by inhalation of lethal gas. .

Defendant excepts thereto, and appeals therefrom to Supreme Court and assigns error.

*Attorney General T. Wade Bruton for the State.*
*B. F. Wood, M. Hugh Thompson for defendant appellant.*

WINBORNE, C. J.: Of the many assignments of error based upon exceptions taken to matters occurring in the course of the selection of jury, to the taking of evidence, to the argument of Solicitor, and to the charge of the court, appearing in the record of case on appeal, defendant appellant assigns as error in particular No. 9: "In that His Honor, over defendant's objection allowed the Solicitor to argue to the jury as follows, and denied defendant's motion for a mistrial: 'This is the type of crime, I argue to you, that tempts people to take the law into their own hands. It is the type of crime that people get worked up about and forget that they are law abiding citizens and they take the law into their own hands and do things that they may or may not regret later. I argue to you that could easily have happened in this case but they didn't, the people were relying upon you, that is the jurors and the people of this County to uphold the laws of this State in which rape is a capital crime, and I argue to you it is your duty as jurors to uphold that law although it is in your unbridled discretion to recommend life imprisonment. I argue to you that you shouldn't exercise that discretion in this case. If you did, I don't know what would happen so far as the next case is concerned. I don't know and I'm not going to argue to you. This type of crime could be committed a thousand times and maybe there would not be a person taking the law in their own hands, but I argue to you this, if this defendant is given life imprisonment rather than death, I don't know what might happen,' " on which exceptions 16 and 17 are based.

Furthermore, in reference thereto the Attorney General, in brief filed on this appeal, after quoting the above remarks of the Solicitor, had this to say: "Similar arguments have been held for error by this Court as not supported by evidence," citing cases, including *S. v. Little,* 228 N.C. 417, 45 S.E. 2d, 542.

In the *Little* case, *supra,* the second headnote epitomizes the de-

cision of the Court in this manner: "Wide latitude is given counsel in the exercise of the right to argue to the jury the whole case as well of law as of fact, but counsel is not entitled to travel outside of the record and argue facts not included in the evidence, and when counsel attempts to do so, it is the right and duty of the court to correct the argument at the time or in the charge to the jury." G.S. 84-14.

To like effect are: *Cuthrell v. Greene,* 229 N.C. 475, 50 S.E. 2d 525; *S. v. Bowen,* 230 N.C. 710, 55 S.E. 2d 466; *S. v. Dockery,* 238 N.C. 222, 77 S.E. 2d 664; *S. v. Phillips,* 240 N.C. 516, 82 S.E. 2d, 762; *S. v. Smith,* 240 N.C. 631, 83 S.E. 2d 656; *S. v. Willard,* 241 N.C. 259, 84 S.E. 2d 899; *S. v. Roberts,* 243 N.C. 619, 91 S.E. 2d 589; *S. v. Roach,* 248 N.C. 63, 102 S.E. 2d 413; *S. v. Walker,* 251 N.C. 465, 112 S.E. 2d 61.

Since there must be a new trial for error pointed out, the merit or demerit of other assignments of error will not be treated as they may not recur upon another trial. For error indicated, there must be a

New trial.