STATE OF NORTH CAROLINA v. GEORGE MURPHY
No. 6926SC217

(Filed 30 April 1969)

**1. Criminal Law § 91— motion for continuance — existence of material witness — affidavit**

Motion for continuance by defendant's counsel on the ground that defendant had "just at this minute" informed him of the existence of a material witness *is held* properly denied where counsel had been in defendant's employ some four and one-half months prior to trial and had represented defendant at the preliminary hearing, and where no affidavit was presented to the court setting forth the nature of the evidence to be elicited from the witness.

**2. Criminal Law § 91— continuances**

Continuances are not favored and ought not to be granted unless the reasons therefor are fully established.

**3. Criminal Law § 91— continuances — necessity for affidavit**

Application for a continuance should be supported by an affidavit showing sufficient grounds for the continuance. G.S. 1-176.

**4. Constitutional Law § 32; Criminal Law § 91— representation by counsel — the trial — duty of accused**

Employment of counsel does not excuse an accused from giving proper attention to his case; he has the duty to be diligent in his own behalf.

APPEAL by defendant from *Falls, J.,* 6 January 1969 Schedule "B" Session, Superior Court of MECKLENBURG.

Defendant was convicted, on a proper bill of indictment, of felonious assault upon a plea of not guilty. It appears from the record that defendant was represented by privately employed counsel, that counsel was employed prior to 30 August 1968, represented defendant at his preliminary hearing and also at the trial in mid January 1969. Before the plea was entered, defendant moved for a continuance. The motion was denied and defendant excepted. The court entered judgment on the jury verdict of guilty as charged and defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis, Trial Attorney Claude W. Harris and Staff Attorney James E. Magner for the State.*

*T. O. Stennett for defendant appellant.*

MORRIS, J.

[1] Defendant presents as his sole assignment of error the court's overruling his motion for a continuance. Prior to entering a plea, de-

fendant's counsel stated to the court that the defendant had "just at this minute" called to his attention a material witness he said was absolutely necessary to his defense, that the witness was serving time in the Prison Camp at Statesville, and that this was the first knowledge counsel had of this witness. The court inquired of counsel how long he had been employed by defendant and was told that he had been employed since prior to 30 August 1968. The court thereupon denied the motion and entered an order finding that the defendant had had privately employed counsel since the last of August 1968 and that the same counsel had represented defendant at his preliminary hearing, and the defendant had not before trial on 17 January 1969, communicated to his counsel the name of this witness. Based on these facts the court concluded the defendant had been derelict in not informing his counsel of the name of the witness or what his testimony would be if he were present.

Defendant now contends that the denial of the motion was a denial of his constitutional rights and not a matter of discretion with the court, and further, that it matters not that the fault was the defendant's.

Our Supreme Court has recently spoken to this precise question in *State v. Moses*, 272 N.C. 509, 158 S.E. 2d 617. There the grand jury had, on 8 August 1967, returned six indictments against defendant. The six cases were consolidated for trial and called the same day the indictments were returned. Defendant, through counsel, moved for a continuance for that the cases were called for trial within a few minutes after the return of the indictments. It was made to appear to the court that the calendar had been published a week prior to the beginning of the term, that each charge against defendant was listed thereon, and that counsel for defendant had been furnished a copy of the calendar. The court denied the motion. On appeal, the denial of the motion for continuance was the sole assignment of error, and defendant contended "that a constitutional question was brought into play in the denial of the motion for a continuance." In affirming the trial court, the Supreme Court reiterated the principle that the constitutional guaranty of the right to counsel requires that the accused and his counsel shall be afforded a reasonable time for the preparation of his defense. The Court further said:

> "In this case, however, no facts appear which would except defendant's motion for a continuance from the general rule that a motion for a continuance is addressed to the sound discretion of the trial judge, whose ruling thereon is subject to review only in cases of manifest abuse. 2 Strong, N.C. Index, 2d, Criminal

Law § 91 (1967). Whether a defendant bases his appeal upon an abuse of judicial discretion, or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice."

**[2-4]** Defendant has shown neither error nor prejudice. As a general rule, continuances are not favored and ought not to be granted unless the reasons therefor are fully established. ". . . [I]t is desirable that an application for a continuance should be supported by an affidavit showing sufficient grounds for the continuance. Indeed, the relevant statute contemplates that this is to be done. G.S. 1-176, *S. v. Banks,* 204 N.C. 233, 167 S.E. 851." *State v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520. Here no affidavit was presented to the court nor was the court apprised of the evidence to be elicited from the witness. There is nothing to indicate whether the evidence would, in fact, be material if the witness were present. Additionally, defendant had employed counsel some 4½ months prior to trial and his counsel had represented him at his preliminary hearing. "Employment of counsel does not excuse an accused from giving proper attention to his case; he has the duty to be diligent in his own behalf." *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386. Had defendant desired the attendance and testimony of the witness, it behooved him to so notify his counsel who could have made timely arrangements for his presence and not wait until the case had been actually called for trial, particularly when accused had been represented for more than 4 months by counsel of his own choosing.

We find nothing in this case which takes it out of the general rule that a motion for continuance is addressed to the sound discretion of the trial judge. Certainly there is no abuse of discretion.

Affirmed.

CAMPBELL and BROCK, JJ., concur.