STATE OF NORTH CAROLINA v. CURTIS M. HUGHES

No. 6921SC368

(Filed 13 August 1969)

**1. Constitutional Law § 32; Criminal Law § 66— right to counsel
— confrontation — identification of defendant — evidence**

Confrontation for the purpose of identification is a critical stage of pre-
trial criminal proceedings and requires the presence of an attorney unless
voluntarily waived; evidence of an out-of-court identification not meeting
these requirements is incompetent, and an in-court identification is in-
competent if it is a result of the illegal out-of-court confrontation.

**2. Criminal Law §§ 66, 84— pre-trial identification of defendant —
right to counsel — illegal confrontation**

Even if jailhouse confrontation between robbery victim and defendant
for purpose of identification had violated defendant's constitutional right to
be advised of right to counsel, it was nonetheless proper to admit victim's
in-court identification of defendant where such identification was clearly
based upon the victim's observation of defendant through the rear view
mirror of victim's taxicab at the time of the robbery.

**3. Criminal Law § 66— pre-trial identification of defendant — illegal
confrontation — findings of fact**

Failure of trial judge to insert into the record findings relating to jail-
house confrontation for identification purposes between defendant and
robbery victim will be deemed harmless error where the evidence is un-
contradicted that the victim's in-court identification of defendant was not
based on the jailhouse confrontation but had an independent origin in the
victim's observation of defendant at the time of robbery.

**4. Criminal Law § 91— continuance — discretion of court**

The granting of a continuance is a matter entirely within the discre-
tion of the trial judge and not reviewable unless there is a clear abuse
of discretion.

**5. Criminal Law § 91— continuance — temporary absence of defense
witnesses — discretion of court**

Where defendant's attorney excused three defense witnesses for the
rest of the day in the mistaken belief that the State would take the re-
mainder of the afternoon in presenting its evidence, trial court did not abuse
its discretion in denying defendant's motion for continuance until the next
day because of the absence of the witnesses.

**6. Criminal Law § 170— remarks of court — defendant as a witness
— prejudicial error**

Any violation of defendant's constitutional privilege against self-in-
crimination resulting from trial court's inquiry to defense counsel, in the
presence of the jury, as to whether defendant would be offered as a
witness, *held* effectively removed by the charge.

APPEAL by defendant from *Armstrong, J.*, 21 April 1969 Criminal Session, Superior Court of FORSYTH.

Defendant was charged, under an indictment proper in form, with the attempted armed robbery of one Gerald Ward Casey on 17 November 1968.

On 17 November 1968 Gerald Ward Casey (Casey) was operating a taxicab in the area of the Union Bus Station in Winston-Salem, North Carolina. At the bus station he picked up a passenger, identified in court as being the defendant in this case. Casey was ordered by the passenger to go to 11th and Dunleith. Before arriving at this destination Casey was ordered by the defendant to stop the taxicab. Defendant then put a butcher knife to Casey's throat and ordered Casey to give him his money, or, defendant stated, he would kill him. Casey began to struggle with the defendant, and during the course of this struggle the taxicab rolled backwards into a pole. Defendant jumped from the cab and ran.

From a verdict of guilty as charged and sentence of imprisonment the defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Staff Attorney D. M. Jacobs for the State.*

*Deal, Hutchins and Minor by Edwin T. Pullen for defendant appellant.*

MORRIS, J.

The prosecuting witness Casey testified on direct examination, over objection, that when he first saw the defendant on the night in question he was standing near the bus station near a lighted area. Casey pointed to the defendant Hughes and stated that he was the man he saw standing near the bus station and who later robbed him. Casey also testified that he observed the defendant in his rear view mirror as he drove toward the purported destination. The witness stated that his in-court identification of the defendant was based on observations made on the night of the robbery.

On cross-examination, it was brought out by defendant's attorney, that Casey had been called by the police approximately one week following the robbery and asked to come to the jail and look at a suspect. When Casey arrived at the jail, the defendant was brought out into the hallway and immediately identified by Casey. There is no evidence that the defendant had been informed of his right to have counsel at this confrontation. At the close of the State's

evidence the defendant moved "to strike the testimony of the prosecuting witness as to the identification." This motion was denied by the trial judge.

[1] Recent cases have established that confrontation for the purposes of identification is a critical stage of pretrial criminal proceedings and requires the presence of an attorney unless voluntarily waived. *U. S. v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1952. Evidence of an out-of-court identification, not meeting these requirements is incompetent. *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581. And an in-court identification is incompetent if it was a result of the illegal out-of-court confrontation. *State v. Williams,* 274 N.C. 328, 163 S.E. 2d 353.

We need not decide whether the out-of-court confrontation violated recently enunciated constitutional standards under our interpretation of this case. We need only decide whether the in-court identification, assuming that the out-of-court identification was improper, was "tainted" by the out-of-court identification. As stated in *U. S. v. Wade, supra:*

> "We think it follows that the proper test to be applied in these situations is that quoted in *Wong Sun v. United States,* 371 U.S. 471, 488, 9 L ed 2d 441, 455, 84 S. Ct 407, ' "[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint,' " * * * Application of this test in the present context requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup." Quoted in *State v. Williams, supra.*

[2, 3] In the present case Casey stated that when the defendant got into the taxicab he was standing in a lighted area, and that he observed the defendant through his rear view mirror at various times while in route to the destination. Casey stated: "I base it [the in-court identification] on what I saw on November the 17th, on a

Sunday night. That is what I base that on." We think it was uncontradicted that the in-court identification was not "tainted" by the confrontation which took place in the jail, and had its origin independently of the witness's observation of the defendant at the jail. The trial judge correctly overruled defendant's motion to exclude this evidence. The evidence of Casey's opportunity to observe the defendant being uncontradicted, the failure of the trial judge to insert such findings into the record was harmless error. *State v. Williams, supra.*

**[4, 5]**    Defendant argues that the trial judge committed prejudicial error in refusing to allow a continuance until the next day because of the absence of witnesses. Defendant's attorney during the course of the trial excused three of the defendant's witnesses upon the belief that the State would take the balance of the afternoon in presenting their evidence. This was not the case. The granting of a continuance is a matter entirely within the discretion of the trial judge and not reviewable unless there is a clear abuse of discretion. *Dupree v. Insurance Co.*, 92 N.C. 418; *State v. Banks*, 204 N.C. 233, 167 S.E. 851; and *State v. Murphy*, 4 N.C. App. 457, 167 S.E. 2d 8. We think this rule is in accord with sound policy. In this day of crowded court calendars, Judges, with the aid of attorneys, should and must take steps to insure the smooth flow of cases. However, in some cases, in the interest of justice, a continuance should be granted. Absent a clear showing of an abuse of discretion, the trial judge's decision on this matter should stand. This assignment of error is overruled. Likewise, the court's refusal to allow defendant to reopen his case must stand. *State v. Graves*, 252 N.C. 779, 114 S.E. 2d 770; *State v. Coffey*, 255 N.C. 293, 121 S.E. 2d 736.

**[6]**    Upon the request for a continuance until the next day by defendant's counsel, the trial judge asked if defendant had any other evidence to present. Defendant's attorney answered no, and the trial judge then inquired if the defendant was going to testify. After a conference at the bench, the court again stated, "You're not going to offer the defendant then?" These statements were made in the presence of the jury. Defendant argues that these statements by the trial judge violated his constitutional privilege against self-incrimination. If any error was committed, we think the trial judge in his charge to the jury "properly and effectively removed any prejudicial effect that might have resulted" from these statements. *State v. Lewis*, 256 N.C. 430, 124 S.E. 2d 115, and cases there cited.

Affirmed.

CAMPBELL and BROCK, JJ., concur.