STATE HIGHWAY COMMISSION v. MATTIE MILLER FRY

No. 6916SC428

(Filed 22 October 1969)

1. Jury § 5;   Eminent Domain § 7—   highway condemnation — jurors who served in action involving adjacent land — qualification to serve

In this highway condemnation action, the trial court did not err in overruling a motion by the Highway Commission to dismiss jurors who had served in a highway condemnation action tried immediately before the present action and involving land next to the land in the instant case, the facts and issues in the two cases being different, and the trial court having questioned the two jurors who served in both cases as to whether they could give the Highway Commission a fair trial in the instant case.

**2. Jury § 3—    qualifications — service in similar case**

The fact that a juror has served in a case which has some similarity to the case in which he is later asked to serve does not automatically disqualify him as to the latter trial.

**3. Jury § 2— . special venire — discretion of ·court**

Whether a special venire should be called rests in· the sound discretion of the trial judge.

**4. Jury § 7—    objection to juror — exhaustion of peremptory challenges**

Ordinarily, all peremptory challenges must be exhausted before an objection to a juror will lie.

**5. Eminent Domain § 6—    testimony as to value — opinion of landowner's son**

In ·this highway condemnation action, the trial court did not err in refusing to strike testimony by the landowner's ·son as to the value of the land where the son had sufficient opportunity to become familiar with the land through management of his mother's property and visiting the, land about four times a year, notwithstanding the son had not bought or sold any land in the area, did not engage in the buying and selling of land as a general practice, and had no training in appraisal.

**6. Trial §§ 37, 38—    interested witness — request for instructions**

In this highway condemnation action, the trial court did not err in refailing to instruct the jury that the landowner's son was an interested witness and that his testimony as to the value of the land should be scrutinized with care absent a request for instructions on this subordinate feature of the case.

**7. Eminent Domain § 7;    Trial § 51—    setting aside verdict as against greater weight of evidence**

In this highway condemnation action, the trial court did not err in refusing to set aside a verdict awarding the ·landowner $73,200 as being against the greater weight of the evidence.

APPEAL by plaintiff from *Braswell, J.,* 31 March 1969 Special Civil Session, SCOTLAND County Superior Court.

This is an eminent domain civil action involving the property of Mattie Miller Fry (landowner), which was taken by the State Highway Commission (Commission) in connection with Project 8.16793, Scotland County (U.S. Route 74 By-Pass around Laurinburg). The property taken consisted of the following: Permanent right of way (12.7 acres) and drainage easement (0.0849 acre); temporary borrow pit easement (3 years, 10.885 acres) and access haul road (to the borrow pit, 3 years, 0.47 acre). Just compensation for these estates taken was estimated by the Commission in connection with eminent domain proceedings herein to be $11,129.00. Disbursement of this sum, under G.S. 136-105, was made to landowner. This proceeding

was brought to determine the amount of just compensation for the properties taken. The issue was submitted to the jury, a verdict of $73,200.00 was returned, and a judgment entered thereon.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Trial Attorneys Charles M. Hensey and Claude W. Harris for the State.*

*Mason, Williamson and Etheridge by James W. Mason and Kennieth S. Etheridge for defendant appellee.*

CAMPBELL, J.

Commission asserts as error (1) the judge's overruling of its motion to dismiss jurors who had served in a condemnation case tried just before this case and involving land next to the land in the instant case; (2) the judge's refusal to allow a motion to strike testimony of the son of the landowner regarding the value of the land in question; (3) failure of the judge to instruct that the son of the landowner was an interested witness and that his testimony should be scrutinized with care; (4) failure of the judge to set aside the verdict as being against the greater weight of the evidence; and (5) the signing of the judgment by the judge.

[1]   Immediately prior to the trial of this case another highway condemnation case was tried. (*State Highway Commission v. Yarborough,* Administrator of Mathews [Mathews] 6 N.C. App. 294.) At the commencement of this trial, there were 16 persons on the jury panel, together with the 12 jurors who had served in the Mathews case. The landowner passed on the jurors first. A jury was not selected from the 16 by the landowner, and the panel had one of the jurors from the Mathews case on it when the Commission began to pass on jurors. The Commission excused one juror and then another juror from the Mathews case joined the panel. Thus the jury as finally selected had 2 members from the jury in the Mathews case.

The Commission in apt time moved that additional jurors be summonsed. The trial judge refused this motion and the record shows:

"The court further states that if in the examination of the first or any of the other jurors of the twelve from the Matthews [*sic*] case it should appear to the court's satisfaction that any one or more of the jurors cannot be fair and impartial to the State Highway Commission and the State of North Carolina

by virtue of having served in the Matthews [*sic*] case, that it will then disqualify all of the Matthews [*sic*] twelve and order a special venire."

The basis of an objection to a juror serving in cases which are similar or involve the same parties is bias or prejudice resulting from the prior association with the facts and issues of the second case. The juror is supposed to have formed an opinion under oath about the particular set of facts which were placed before him in the first case. 31 Am. Jur., Jury, § 226. However, we feel that this rationale is not persuasive in the present circumstances before us. The facts are distinguishable from those in *Baker v. Harris*, 60 N.C. 271 (1864).

For one thing, the facts and issues of the two cases are different. Although the properties involved in the two cases adjoin each other, the value of each is a separate and distinct question. It cannot be denied that the Commission was a party to each proceeding. The thrust of this objection by the counsel for the Commission seems to be, however, that the information imparted to the jurors in the Mathews case about the loss of access in the taking of the Fry property would cause these jurors to be prejudiced against the Commission in the Fry case if they served again — especially in view of the fact that a large verdict was rendered against the Commission in the Mathews case. This contention is weakened, however, by the fact that the Commission stipulated "that prior to the taking . . . the property in question had access along Highway 74 for its full length . . . that after the taking there was no access to the property from Highway 74. . . ."

**[1-3]**     Secondly, the judge very carefully questioned the two jurors concerning what they remembered about the Fry property from the Mathews trial. Mrs. Carlyle stated that she did not remember anything which would keep her from giving a fair trial to the State Highway Commission in the Fry case. Mrs. Starling said that she remembered the Fry property being mentioned in the Mathews case but that this would not prevent her from giving a fair trial in this case. The fact that a juror has served in a case which has some similarity to the case in which he is now asked to serve does not automatically disqualify him as to the latter trial. We feel that whether a special venire should have been called was a matter resting in the sound discretion of the trial judge, and no abuse of that discretion has been shown. On the contrary the judge conducted a searching examination to make certain that a fair and impartial jury was empanelled.

". . . Whether a juror's knowledge is likely to bias him is a question addressed to the sound discretion of the court, and if the inference is strong, or the presumption great, that the knowledge on the part of the juror is such as will affect the verdict, a challenge for cause should be sustained, and the juror excused. . . ." 31 Am. Jur., Jury, § 175, p. 152.

"The competency of jurors is a question to be passed upon by the trial judge in the exercise of his discretion, and his rulings thereon are not subject to review unless accompanied by some imputed error of law. Thus, objection of alleged bias or misconduct affecting a juror is addressed to the discretion of the trial court, and its finding, after investigation, that the incident or circumstance resulted in no prejudice, is conclusive." 5 North Carolina Index 2d, Jury, § 6, p. 126.

[4] In view of our holding we do not pass on the question whether this assignment of error must in any event be overruled because the Commission had not used all of its peremptory challenges. It is normally the case that all peremptory challenges must be exhausted before an objection to a juror will lie. *State v. Corl*, 250 N.C. 258, 108 S.E. 2d 615 (1959).

This assignment of error is without merit.

[5] As to the son of the landowner testifying about the value of the land, we feel that this objection goes to the weight of the evidence rather than to its admissibility. Mrs. Fry's son, Homer, managed his mother's property, visiting the land about four times a year. He spent about a day there upon each visit. He had not bought or sold any land in the area. He did not engage in the buying and selling of land as a general practice. He had no training in appraisal. Homer did, however, have sufficient opportunity to become familiar with the property. This was sufficient to allow him to give an opinion as to the value of the property.

"Any witness familiar with the land may testify as to his opinion of the value of the land taken, and as to the value of the respondent's contiguous lands before and after the taking." 3 North Carolina Index 2d, Eminent Domain, § 6, p. 525.

The jury decides what credence to give to this testimony in view of the relative lack of qualifications for appraisal of land.

This assignment of error is without merit.

[6] The judge must charge the jury on every substantial and essential feature of a case. However, if a subordinate feature is desired by a party to be presented specifically to the jury, then the

party must request such an instruction. G.S. 1-180; *State v. Brady,* 236 N.C. 295, 72 S.E. 2d 675 (1952); 2 McIntosh, North Carolina Practice and Procedure, 2d Ed., § 1513, p. 46. We feel and hold that a request for jury scrutiny of Homer Fry's testimony, as that of an interested party, involved a subordinate feature of this case and should have been specially requested by the Commission if desired. No substantial prejudice to the Commission resulted from this omission in the charge.

[7]    The assignments of error to the trial judge refusing to set aside the verdict as being against the greater weight of the evidence and to signing the judgment are without merit.

There was great variation between the values as testified to. They varied from a difference in before and after value from $86,000 to $4,000. The jurors had the opportunity to see and hear the witnesses and their respective qualifications to make valuations. The jurors were taken on a jury view of the premises. The trial judge ably and carefully instructed them on the law to be applied. In addition to the jurors the judge himself had an opportunity to observe and see the land and the witnesses. If he had been shocked by the amount of the verdict, as being out of line, he could and doubtlessly would have used his authority to set aside the verdict and order a new trial before another jury.

In the absence of any prejudicial error in law an appellate court is bound to follow the system established by the legislature to compensate a landowner for property taken in eminent domain proceedings.

No error.

PARKER and GRAHAM, JJ., concur.