STATE OF NORTH CAROLINA v. WILLIAM R. HALTOM

No. 7320SC596

(Filed 24 October 1973)

1. **Criminal Law § 15— possession of marijuana — motion for change of venue — public outrage caused by rock festival**

    The trial court in a prosecution for possession of more than five grams of marijuana did not err in the denial of defendant's motion for a change of venue on the ground that a recent rock festival in the county had stirred up public outrage against the use of marijuana to the extent that it would be impossible for defendant to receive a fair trial in the county where defendant did not set forth the facts upon which the motion was based in any detail. G.S. 1-85.

2. **Criminal Law § 91— motion for continuance — jury hearing of voir dire arguments in previous case**

    The trial court in a prosecution for possession of marijuana did not abuse its discretion in the denial of defendant's motion for continuance made on the ground that the jury panel was in the audience in the preceding case and heard arguments made by defendant's counsel on *voir dire* on issues identical to those heard in the present case in the absence of the jury.

3. **Criminal Law § 158; Searches and Seizures § 3— validity of warrant — omission of warrant from record**

    The appellate court cannot review the trial court's conclusion that a search warrant was valid where the warrant and supporting affidavit are not in the record on appeal.

4. **Searches and Seizures § 3— validity of warrant — information from informants**

    Trial court's conclusion that a warrant to search for marijuana was valid was supported by the *voir dire* testimony of the SBI agent who obtained the warrant that he received information that defendant had marijuana in his possession from an informant who had proven reliable in the past and from a second informant who had not previously furnished information, since the information furnished by the second informant was corroborated by the previously reliable informant.

**5. Constitutional Law § 31— identity of confidential informant**

The trial court did not err in refusing to require the State to reveal the identity of a confidential informant.

**6. Narcotics § 3— unanalyzed packages — comparison with analyzed substances**

In this prosecution for possession of more than five grams of marijuana, the trial court did not err in permitting the jury visually to compare substances in packages seized from defendant which had not been analyzed with other seized packages analyzed as containing 52.2 grams of marijuana.

**7. Criminal Law § 101— permitting jury to take evidence into jury room**

The trial court in a prosecution for possession of marijuana did not commit prejudicial error in permitting the jury to take the State's evidence into the jury room.

APPEAL from *Webb, Special Judge,* 29 January 1973 Session of RICHMOND County Superior Court.

Defendant was convicted by a jury of wilful possession of a controlled substance, i.e., more than five grams of marijuana in contravention of the North Carolina Controlled Substances Act and was sentenced to the statutory maximum of five years' imprisonment.

Prior to the trial of the case, defendant moved for a change of venue on the grounds that a recent rock festival in Richmond County had caused a great deal of public outrage concerning the use of marijuana, and that it would be impossible for him to receive a fair trial. In addition, he moved for a continuance on the grounds that the jury panel had been in the audience in the immediately preceding case, where defendant's counsel had represented another defendant on a marijuana charge. Thus, they were able to hear arguments made by counsel on voir dire concerning search warrants, suppression of evidence, etc., in the preceding case. Both motions were denied.

SBI Special Agent Van Parker testified that he was informed by two informants that Bill Haltom had in his possession a quantity of marijuana and that one of the informants had purchased marijuana from Haltom. With this information, Agent Parker obtained a search warrant and went to the poolroom owned by Haltom where he and two other SBI agents discovered approximately 20 plastic bags containing a green

vegetable substance, a quantity of copper tubing, and a quantity of "rolling paper."

Of the total number of packages, only two were analyzed by the SBI laboratory as marijuana. They totalled 52.2 grams. The packages not so analyzed were admitted into evidence over the objection of defendant and the jury was permitted to compare them visually with the packages analyzed as marijuana.

At the close of State's evidence, defendant's motions for mistrial and dismissal of the charges were overruled.

Defendant thereupon took the stand in his own behalf. He testified that the area from which Agent Parker seized the plastic bags and other material was not restricted or inaccessible to anyone who was in the poolroom. The only item he had seen prior to the seizure was State's Exhibit 7A which he had placed inside the candy counter. He testified that he had taken it from his son, and he had placed it in the candy counter in an attempt to find the individual who had sold it to his son. He had also seen the copper tubing when someone brought it in from the street and left it on the counter.

At the close of defendant's evidence and again following State's rebuttal evidence, defendant's motion for dismissal was overruled. Following the jury's verdict of guilty, defendant's motion to set aside the verdict was denied.

*Attorney General Morgan, by Assistant Attorneys General Melvin and Ray for the State.*

*Leath, Bynum and Kitchin, by Henry L. Kitchin, for defendant appellant.*

MORRIS, Judge.

[1] Appellant assigns as error the trial court's denial of his motion for a change of venue on the ground that a recent rock festival in Richmond County had stirred up public outrage against the use of marijuana to the extent that it would be impossible for him to get a fair trial from any jury panel in the county. A motion to remove pursuant to G.S. 1-84 is within the sound discretion of the trial court. *Patrick v. Hurdle,* 6 N.C. App. 51, 169 S.E. 2d 239 (1969). When such a motion is made, the facts upon which the motion is based must be stated with particularity and detail in the affidavit pursuant to G.S.

State v. Haltom

1-85. *Patrick v. Hurdle, supra.* Nowhere in the record does it appear that defendant has set forth the facts on which his motion was based in any detail; therefore, the trial court did not abuse its discretion in denying the motion.

[2] Appellant also contends that the trial court erred in its denial of his motion for continuance prior to the trial. The basis of this motion is the fact that the panel from which the jury was selected was in the audience at the trial of the case immediately preceding the present one, and they heard arguments made by counsel on voir dire on issues identical to those of the present case that were heard outside the presence of the jury. Like the motion for removal, this motion is the subject of the trial judge's discretion, and is not subject to review absent an abuse of discretion. *State v. Robinson*, 283 N.C. 71, 194 S.E. 2d 811 (1973) ; *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. Cameron*, 17 N.C. App. 229, 193 S.E. 2d 485 (1972).

[3] The crux of appellant's case is his contention that the various items of evidence seized pursuant to the search warrant should have been suppressed because of the invalidity of the search warrant. However, the search warrant and supporting affidavit do not appear in the record, and there is no indication of their contents other than the testimony of Agent Parker on voir dire. We are, therefore, precluded from reviewing the trial court's conclusion that the search warrant was properly granted, the search properly conducted and the evidence seized pursuant thereto admissible.

[4] We are of the opinion, nevertheless, that the trial court's conclusions were correct inasmuch as they are supported by the testimony of Agent Parker on voir dire. According to Agent Parker, he had two informants — one of whom had been reliable in the past, and one who had not previously furnished information. The information furnished by the informant who had not proven reliable in the past was corroborated by the previously reliable informant. Thus, we feel that the standard for probable cause as established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964), has been satisfied.

[5] We cannot sustain appellant's contention that the trial court erred in refusing to allow him to ascertain the identity of one of the informants. The right of the State to confidentiality

State v. Haltom

of its informants is well established. *State v. Boles,* 246 N.C. 83, 97 S.E. 2d 476 (1957); *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed. 2d 62 (1968); *Aguilar v. Texas, supra.*

[6] There has been no prejudice to defendant in allowing the jury to compare the unanalyzed substances to the packages previously analyzed as containing marijuana. As we have noted, the substance identified as marijuana was 52.2 grams—well above the statutory requirement of 5 grams. Inasmuch as there was 52.2 grams of marijuana introduced into evidence, State's case was sufficient to go to the jury, and appellant's assignment of error to the denial of the motion for nonsuit cannot be sustained.

The trial court's charge to the jury appears to be free from prejudicial error. Even if defendant had been prejudiced thereby, his broadside exception cannot be sustained. An assignment of error to the charge as a whole that specifies no additional charges deemed to be required is ineffective to bring up any portion of the charge for review. *Investment Properties v. Allen,* 281 N.C. 174, 188 S.E. 2d 441 (1972).

[7] Appellant contends the trial court erred in allowing the jury to take the State's evidence into the jury room. Assuming, arguendo, that this was error; appellant has nevertheless failed to sustain his burden upon appeal. It is not sufficient that he show error; he must make it appear that the error was prejudicial to him and that a different result would likely have ensued absent the error. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972); *State v. Crump,* 280 N.C. 491, 186 S.E. 2d 369 (1972).

The final assignment of error is to the denial of appellant's motion to set aside the verdict of the jury. Such a motion is addressed to the discretion of the trial court and is not reviewable on appeal. *State v. Mason,* 279 N.C. 435, 183 S.E. 2d 661 (1971).

No error.

Judges CAMPBELL and PARKER concur.