STATE OF NORTH CAROLINA v. GARY MARTIN

No. 7420SC250

(Filed 5 June 1974)

1. Indictment and Warrant § 13— denial of bill of particulars

    In a prosecution for possession of LSD, the trial court did not abuse its discretion in the denial of defendant's motion for a bill of particulars where defendant was furnished specific information about the offense in a pretrial conference with an SBI agent and defense counsel was present at the preceding trial where the witnesses stated that their testimony against defendant would be substantially the same as their testimony in that case.

2. Jury §§ 2, 7— jury panel in audience during preceding trial — motion for special venire — challenges for cause

    The trial court in a prosecution for possession of LSD did not abuse its discretion in the denial of defendant's motion for a special venire and his challenges for cause based on the fact that the jury panel was in the audience during the preceding trial when the State's witnesses testified that their testimony in both cases would be substantially identical and when the jury in the preceding case returned a guilty verdict.

3. Criminal Law § 91— motion for continuance — location of additional witnesses

    The trial court in a prosecution for possession of LSD did not abuse its discretion in the denial of defendant's motion for continuance so that defendant could attempt to locate two unnamed persons who an SBI agent testified were with defendant when the agent purchased LSD from defendant.

APPEAL from *McConnell, Judge,* 1 October 1973 Session of RICHMOND County Superior Court. Argued in the Court of Appeals 19 April 1974.

Defendant was charged in a bill of indictment with the possession of LSD. His case was docketed for trial at the 1 October 1973 Session of Richmond County Superior Court a'ong with the cases of three other defendants indicted as a result of the same SBI investigation that produced the indictment of defendant Martin.

Three of the four defendants tried for the possession of LSD were represented either by counsel for defendant Martin or his law partner. The trial of Kevin Baxley immediately preceded that of Gary Martin, and Baxley was represented by Martin's counsel and his partner. The jury panel for Martin's case was in the audience during the Baxley trial, and they were

able to hear the State's witnesses testify that their testimony in both cases would be substantially identical.

The selection of the jury for the Martin case began while the Baxley jury was deliberating. During the voir dire, the Baxley jury entered the courtroom and returned a guilty verdict in the presence of the entire venire. Defendant's motion for a continuance at this point was denied. All but one of the jurors ultimately selected for the Martin trial had been present in the courtroom during the jury trial. Counsel for defendant challenged three of the veniremen because of their presence during the Baxley trial, and when his challenges were denied, he was forced to exhaust his peremptory challenges. Counsel for defendant thereupon moved for a new venire, and the motion was denied.

Defendant moved for a bill of particulars, and the motion was denied. Defendant's attorney was, however, allowed to discuss the case at a pretrial conference with SBI Agent Van Parker, who gave him information which will be set out hereinafter.

State's evidence tended to show that SBI Agent Duehring purchased three "blotters" of LSD from Martin. Agent Van Parker testified that he had given Agent Duehring the money to purchase the LSD, and that Agent Duehring had related to him essentially the same narration of the purchase that he gave on the witness stand. Agent Parker received the blotters from Duehring, and mailed them to the SBI laboratory where SBI Chemist Tom McSwain identified the controlled substance as LSD.

Defendant offered evidence tending to show that he was with his family and several friends at the time of the alleged incident. At the close of all the evidence, defendant moved for a continuance until the next day in order that he could attempt to locate the two unnamed persons who Agent Duehring testified were with defendant at the time of the purchase. The motion was denied, motion for nonsuit was denied, and the jury returned a verdict of guilty. From the signing and entry of judgment, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Hensey, for the State.*

*Joseph G. Davis, Jr., for defendant appellant.*

State v. Martin

MORRIS, Judge.

[1] Defendant assigns error to the denial of his motions for a bill of particulars, a new venire and two motions for continuances. These motions are addressed to the sound discretion of the trial court, and they are not subject to review on appeal absent an abuse of discretion. Under the facts of the case before us, we hold that the trial court did not abuse its discretion in denying the motions.

G.S. 15-143 provides that:

"In all indictments when further information not required to be set out therein is desirable for the better defense of the accused, the court, upon motion, may, in its discretion, require the solicitor to furnish a bill of particulars of such matters."

That a motion for a bill of particulars is addressed to the trial court's discretion has been well established in the decisions of the Supreme Court. *State v. Banks,* 263 N.C. 784, 140 S.E. 2d 318 (1965); *State v. Thornton,* 251 N.C. 658, 111 S.E. 2d 901 (1960). The granting or denial of such a motion is not subject to review on appeal except for palpable and gross abuse of discretion. *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973); *State v. Spence,* 271 N.C. 23, 155 S.E. 2d 802 (1967). It has been held that where all the information surrounding the commission of the crime is contained in the bill of indictment or can be obtained by examination of the State's witnesses, there is no abuse of discretion in the denial of the motion. *State v. Cameron, supra.*

The function of a bill of particulars is to inform the defendant of the nature of the evidence the State proposes to offer. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967). The indictment contained the following information: (1) the name of the defendant, (2) the date of the alleged offense, (3) the type of contolled substance possessed, and (4) the county in which the alleged offense occurred. Following the denial of the motion for a bill of particulars, defendant was given the following information at a pretrial conference in chambers: (1) the time of the alleged offense, (2) the specific location of the alleged offense, (3) the quantity of the controlled substance, and (4) the names of the prospective witnesses for the State. In addition, the record shows that counsel and his law partner were present at the preceding trial where the witnesses stated that

their testimony against defendant Martin would be substantially the same as their testimony against defendant Baxley. The information thus provided defendant is as adequate as the information furnished defendant in *State v. Cameron, supra,* and we hold that defendant has shown no abuse of discretion in the denial of his motion for a bill of particulars.

[2]   Defendant assigns error to the trial court's allowing the jury to try this case in spite of its exposure to the case of *State v. Kevin Baxley.* This assignment of error is grounded, *inter alia,* on exceptions to denials of challenges for cause, and the denial of a motion for a new venire. Neither can be sustained. The rulings on the competency of jurors is discretionary in the court and will not be reviewed unless accompanied by an imputed error of law. *Highway Comm. v. Fry,* 6 N.C. App. 370, 170 S.E. 2d 91 (1969). In that case, the trial court denied the Commission's motion to dismiss jurors who had served in the immediately preceding condemnation trial. In affirming the trial court's denial, this Court noted that the trial court carefully questioned two jurors who had served in the previous case. Both stated that their service in the previous case would not prevent their giving the present parties a fair trial. The fact that a juror has served in a case which has similarity to the case he is now asked to serve does not automatically disqualify him as to the latter trial. Whether a special venire should be called in such a case is a matter resting in the sound discretion of the court. *Id.*

In *State v. Haltom,* 19 N.C. App. 646, 199 S.E. 2d 708 (1973), defendant moved prior to selection of a jury for a continuance because the jury panel had been in the courtroom in the immediately preceding case where counsel for defendant had represented a different defendant charged with the same offense as was Haltom. The jury panel was thus able to hear counsel in his arguments outside the presence of the jury as well as observe the trial in its entirety. In affirming, we held that the trial court did not abuse its discretion in denying the motion for continuance under the circumstances.

Defendant in the case *sub judice* has shown no abuse of the court's discretion. The court's rulings on the competency of the jurors is affirmed.

[3]   Defendant's final assignment of error is to the denial of a motion for a continuance on the ground that the State's under-

cover agent testified that two persons were with defendant at the time of the alleged offense. He contends that since he relies upon alibi as a defense, he is precluded from knowing the names of accomplices, aiders or abettors. Without discussing the logic of this position, we hold that, like the above motions, this motion was addressed to the court's discretion, *State v. Robinson,* 283 N.C. 71, 194 S.E. 2d 811 (1973). Since no abuse of discretion has been shown, it is likewise affirmed. In *State v. Hughes,* 5 N.C. App. 639, 169 S.E. 2d 1 (1969), defendant moved for a continuance until the next day because of the absence of a witness. In affirming the denial of the motion, we stated:

> "The granting of a continuance is a matter entirely within the discretion of the trial judge and not reviewable unless there is a clear abuse of discretion. *Dupree v. Insurance Co.,* 92 N.C. 418; *State v. Banks,* 204 N.C. 233, 167 S.E. 851; and *State v. Murphy,* 4 N.C. App. 457, 167 S.E. 2d 8. We think this rule is in accord with sound policy. In this day of crowded court calendars, Judges, with the aid of attorneys, should and must take steps to insure the smooth flow of cases." *Id.,* at 642.

No error.

Judges CAMPBELL and VAUGHN concur.