STATE OF NORTH CAROLINA v. JAMES C. MOORE

No. 7425SC896

(Filed 5 February 1975)

Criminal Law § 91— motion for continuance — jurors serving in prior trial of another defendant for same offense

In a prosecution for felonious escape, the trial court did not abuse its discretion in the denial of defendant's motion for continuance made on the ground that jurors who had just tried another defendant represented by the same attorney and convicted him of escape would be called to sit in the trial of defendant's case.

APPEAL by defendant from *Thornburg, Judge,* 15 July 1974 Regular Criminal Session of Superior Court held in CATAWBA County.

By indictment, proper in form, defendant was charged with felonious escape from a unit of the North Carolina Department of Correction, this being a second offense. He pled not guilty, was found guilty as charged, and from judgment imposing prison sentence of two years, to begin at expiration of sentence being served, he appealed.

*Attorney General James H. Carson, Jr., by Deputy Attorney General Robert N. Hunter and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Cagle and Houck, by William J. Houck, for defendant appellant.*

BRITT, Judge.

The only assignment of error that defendant brings forward and argues in his brief is that the trial judge erred in denying defendant's motion for a postponement of his trial. The reason stated for the motion was that just before defendant's case was called for trial, another defendant, represented by the same attorney who represented defendant, had been tried on a charge of escape and convicted; that some of the same jurors who had served in the trial of the other case would be called to serve in the trial of defendant's case. We find no merit in this assignment.

Rulings on motions for postponement of trials and competency of jurors are discretionary with the trial judge and will not be reviewed absent a showing of abuse of discretion or an error of law. G.S. 9-14; *State v. Watson,* 281 N.C. 221, 188 S.E. 2d 289 (1972) ; *State v. Strickland,* 229 N.C. 201, 49 S.E. 2d 469 (1948). We hold that under the facts appearing in this case, defendant was not entitled to a continuance as a matter of law and the court did not abuse its discretion in denying the motion. *See State v. Martin,* 21 N.C. App. 645, 205 S.E. 2d 583 (1974) ; and *State v. Haltom,* 19 N.C. App. 646, 199 S.E. 2d 708 (1973).

No error.

Judges MORRIS and CLARK concur.