State v. Alston

---

STATE OF NORTH CAROLINA v. RUFUS SHERMAN ALSTON

No. 7515SC537

(Filed 5 November 1975)

1. Narcotics § 4— possession of syringe and needle — sufficiency of evidence

    In a prosecution for possession of a hypodermic syringe and needle for purpose of administering controlled substances, evidence was

sufficient to be submitted to the jury where it tended to show that officers observed defendant, who was sitting on the arm of a chair, remove something from his pocket, slide it down beside his leg and between the chair arm and cushion, an officer required defendant and the girl who was sitting in the chair to stand, and, on removal of the cushion, the officer found a cellophane bag containing the syringe and needle in question.

2. **Criminal Law § 158— search warrant and affidavit omitted from record — no consideration on appeal**

Where the search warrant and supporting affidavit were not brought up as a part of the record on appeal or as an exhibit, the court on appeal will not pass upon their validity.

3. **Criminal Law § 169— failure of record to include answers to questions —no prejudice shown**

Defendant failed to show any prejudice by the failure of the trial court to permit certain witnesses to answer questions propounded on cross-examination where the record failed to show what the answers to the questions would have been.

APPEAL by defendant from *Walker, Judge.* Judgment entered 2 April 1975 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 14 October 1975.

Defendant was tried on (1) a bill of indictment charging him with illegal possession of heroin; and (2) on a warrant charging him with possession of a hypodermic syringe and needle for purpose of administering controlled substances, this case having been appealed from the district court. He pled not guilty.

A jury returned verdicts finding defendant not guilty on (1) and guilty on (2). From judgment imposing prison sentence of not less than 18 months nor more than 24 months, suspended on specified conditions including three years' probation and $200 fine and costs, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Daniel C. Oakley, for the State.*

*John P. Paisley, Jr., for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the denial of his motion for nonsuit. The evidence tended to show: On the night in question, police, armed with a search warrant, went to the trailer home of one Reeves. On entering the home they found that Reeves

State v. Alston

was not present but defendant and several others were. Defendant was sitting on the arm of a chair and a girl was sitting in the chair. One of the officers observed defendant remove something from his pocket, slide it down beside his leg and between the chair arm and cushion. The officer required defendant and the girl to stand and, on removal of the cushion, found a cellophane bag containing the syringe and needle in question. In a trash can near the chair, officers found several glassine bags containing heroin. We hold that the evidence was sufficient to survive the motion for nonsuit and the assignment of error is overruled.

[2] Defendant assigns as error the admission of the syringe, needle, and heroin into evidence, contending that the search warrant was defective. The search warrant and supporting affidavit were not brought up as a part of the record on appeal or as an exhibit, therefore, we will not pass upon their validity. *State v. Haltom,* 19 N.C. App. 646, 199 S.E. 2d 708 (1973), *cert. den., appeal dismissed,* 284 N.C. 619, 201 S.E. 2d 691 (1974). We do not reach the question whether defendant had standing to challenge a search of the premises. The assignment of error is overruled.

[3] Defendant assigns as error the failure of the court to permit certain witnesses to answer questions propounded on cross-examination. The record fails to disclose what the answers to the questions would have been, therefore, defendant has failed to show any prejudice by failure of the court to admit the answers. 3 Strong, N. C. Index 2d, Criminal Law § 167. The assignment of error is overruled.

We have considered the other assignments of error argued by defendant and find that they too are without merit.

No error.

Judges VAUGHN and ARNOLD concur.