STATE v. NELSON HOPKINS.

(Filed 1 March, 1911.)

1. **Jurors—Cause Pending—Disqualification—Interpretation of Statutes.**

The reason why those having causes pending and at issue are disqualified to serve as jurors is that they should not, under the circumstances, be permitted to serve in close relationship to other jurors who may be called upon to try their cases, and this disqualification does not apply when the cause is pending and at issue, but not to be tried at that particular term of the court.

2. **Spirituous Liquors—Sale—Evidence—Declarations—Competency —Ex parte.**

Upon a trial for unlawfully selling whiskey, there was evidence tending to show a conversation overheard at the time of the alleged sale by the witness, a policeman, between the defendant and one S., whom the witness had employed to buy the whiskey with a dollar marked for identification: *Held*, competent as tending to prove the guilt of the accused by his own declarations; but that it was incompetent for the defendant to show later declarations of S. as to what occurred during the conversation testified to, in corroboration of defendant's testimony that he gave S. the whiskey for his sick wife and only changed the dollar for him.

3. **Spirituous Liquors—Procuring Sale—Police Officers—Evidence— "Connivance."**

In this case, the methods employed by the policeman to obtain conviction of the defendant for unlawfully selling the whiskey, *Held* not to affect the judgment. *S. v. Smith*, 152 N. C., 798, cited and approved.

APPEAL from *Ward, J.*, at December Term, 1910, of PITT.

Indictment for selling liquor. The defendant was convicted and sentenced to the roads. From the judgment he appeals.

The facts are sufficiently stated in the opinion of *Mr. Justice Brown.*

*Attorney-General and George L. Jones for the State.*
*F. G. James and Harry Skinner for defendant.*

Brown, J.   In selecting the jury, the defendant challenged one C. T. Mumford for having a case pending and at issue before the Superior Court of Pitt County on the civil-issue docket.   The court refused to allow this challenge for cause, for the reason that the juror did not have a case pending and at issue at this special December term of criminal court.

The ruling of his Honor was correct.   The object of the statute, Revisal, sec. 1960, is to disqualify one to serve as a juror who has a suit to be tried at the same term at which his case is to be tried.   Those who have suits to be tried at the same term should not be permitted to serve in close relationship to other jurors.   If the cause is not at issue at said term the reason ceases.   *S. v. Spivey,* 132 N. C., 989.

The State introduced one Clark, a policeman, who testified that he procured one Streeter to go to defendant's house to purchase whiskey and gave him a marked dollar bill to pay for it, and went with him.   The State permitted Clark to testify to the conversation between Streeter and the defendant to which defendant excepts.

Such evidence does not constitute the *ex parte* declaration of Streeter, as contended, but it is competent because it is a conversation of the defendant with Streeter and tends to prove the guilt of the accused by his own declarations.   The evidence tends to prove that Streeter purchased a pint of whiskey from the defendant and paid for it with the marked dollar bill.

The defendant offered in evidence Streeter's later declarations as to what occurred at the conversation testified to by Clark, for purpose of contradicting Clark and corroborating defendant's own evidence, that he gave Streeter the whiskey for his wife and only changed the dollar bill, which was found immediately thereafter in his possession.

We fail to see upon what principle of evidence the defend-

ant bases his contention that the declarations of himself or of Streeter made subsequent to the sale are competent. Certainly, the State offered no testimony of this character. Its entire testimony related to the facts constituting the sale, the things the witness saw and heard between the parties, the vendor and the vendee, at the time of the sale. If the defendant desired the benefit of Streeter's declarations he should have introduced him as a witness.

We have examined the charge and find it a fair and full presentation of the case, giving the defendant the benefit of any reasonable doubt the jurors might entertain.

The methods adopted by the policeman to catch the defendant in the act of violating the law have been criticised; but it must be remembered that the ways of "blockaders" are devious and their trade is generally plied "underground." However much the defendant, when caught, may criticise the methods used to catch him, it has been held that the transaction is, so far as defendant is concerned, a violation of law, if the evidence is deemed by the jury sufficient proof of the facts.

This subject is fully discussed in *S. v. Smith,* 152 N. C., 798, and the authorities are there collected.

No error.