STATE OF NORTH CAROLINA v. EDDIE LEE WILLIAMS

No. 116

(Filed 13 June 1977)

**Jury § 5— jurors as witnesses in pending cases—no disqualification**

The trial court did not err in denying defendant's motion, made after defendant and the State had passed the jury, that he be permitted to examine further two jurors who were to be State's witnesses in two unrelated criminal cases set for trial at the same session as the present case, since G.S. 9-15(c) subjects a litigant rather than a witness to disqualification as a juror when he has a suit pending and at issue in the court in which he is called to serve as a juror.

APPEAL by defendant from *Braswell, J.,* at the 29 November 1976 Session of VANCE County Superior Court.

Defendant was charged in separate bills of indictment with second-degree rape and kidnapping. He entered a plea of not guilty to each charge.

The State offered evidence tending to show that on 14 June 1976 defendant, by the use of a knife, caused prosecuting

witness Wilhemina Terry to enter his automobile. He drove to a secluded area where, without her consent, he had sexual intercourse with the prosecuting witness in the front seat of his automobile. Wilhemina Terry testified that she offered no resistance because she feared that defendant would harm her. Defendant forced her to clean blood from the front seat of his automobile and then took her to Vance Technical Institute where she was a student. She reported the incident to her teacher on the following day.

Defendant testified that he had known Wilhemina Terry for some time and that she voluntarily entered his automobile on 14 June 1976. He did not have a knife at that time. He stated that he did drive to a secluded area where the prosecuting witness voluntarily had sexual intercourse with him. Defendant offered other evidence which was corroborative in nature. He also offered evidence as to his good character.

The jury returned verdicts of guilty as to each charge. The trial judge entered judgment imposing a sentence of life imprisonment upon the verdict of guilty of second-degree rape. A judgment imposing a sentence of twenty-five years imprisonment to run concurrently with the life sentence was entered on the verdict of guilty of kidnapping.

*Attorney General Edmisten, by John R. B. Matthis, Special Deputy Attorney General, and Rebecca R. Bevacqua, Associate Attorney, for the State.*

*J. Henry Banks for defendant.*

BRANCH, Justice.

The single question presented by this appeal is whether the trial judge erred by denying defendant's motion that he be permitted to further examine juror Underwood and alternate juror Faulkner. At some point in the trial, defense counsel discovered that juror Underwood was to be a State's witness in the case of *State v. Robinson* and that alternate juror Faulkner was to be a State's witness in the case of *State v. Creekmore.* Both of these unrelated criminal cases were at issue and were set for trial at the 29 November 1976 Session of Vance County Superior Court. Neither the record nor the briefs before us show with clarity at what point in the trial this information came to the attention of defense counsel. However, it appears

that it was after both the State and defendant had passed the jury. The record discloses the following exchange between the court and defense counsel:

> MR. BANKS: Your Honor, I would like to make a motion that His Honor in his discretion allow defense counsel to ask additional questions of those jurors mentioned, Mr. Undersood (sic) and Mr. Faulkner.

> THE COURT: What kind of questions; for what purpose to show what?

> MR. BANKS: To see that the fact that they are going to be witnesses for the State is of any type of influence in the deliberation.

> THE COURT: Respectfully denied. Under the circumstances, I do not feel that it is something that I ought to exercise my discretion in or allow you to reopen. It does not go to the ultimate merits of their qualifications to serve as a juror. Respectfully denied.

Defendant relies upon G.S. 9-15(c) which provides:

> If any juror has a suit pending and at issue in the court in which he is serving, he may be challenged for cause, and he shall be withdrawn from the trial panel, and may be withdrawn from the venire in the discretion of the presiding judge.

Our decisions recognize that a juror may be challenged for cause if he has a suit pending, at issue, and for trial at the same term of court at which he is drawn to serve as a juror. *State v. Spivey*, 132 N.C. 989, 43 S.E. 475; *State v. Smarr*, 121 N.C. 669, 28 S.E. 549.

We find pertinent and persuasive language in *State v. Brady*, 107 N.C. 822, 12 S.E. 325. There the Court, in construing a nearly identical statute, stated:

> . . . [A] prosecuting witness in a criminal action is not disqualified as a juror. He is not a "party to an action" within the purview of the statute. The State and the defendant are the only parties to a criminal action by indictment. Indeed, the disqualification attaches only to a party to a *suit* pending and at an issue and it is doubted if it apply at all to a defendant, even in a criminal action.

In *State v. Hopkins*, 154 N.C. 622, 70 S.E. 394, the Court aptly stated the reason for this rule as follows:

> . . . The object of the statute, Revisal, sec. 1960, is to disqualify one to serve as a juror who has a suit to be tried at the same term at which his case is to be tried. Those who have suits to be tried at the same term should not be permitted to serve in close relationship to other jurors. . . .

*Accord: State v. Ashburn*, 187 N.C. 717, 122 S.E. 833.

This assignment of error is feckless since G.S. 9-15(c) subjects a *litigant* rather than a witness to disqualification as a juror when he has a suit pending and at issue in the court in which he is called to serve as a juror. The statute is designed to protect the prospective juror's adversary in his pending case rather than to protect parties to cases in which he might serve as a juror.

Defendant's motion was addressed to the trial judge's sound discretion and no abuse of that discretion has been shown. *State v. Young*, 287 N.C. 377, 214 S.E. 2d 763.

No error.